■ FIREMEN'S INSURANCE COMPANY OF WASHINGTON, D.C., Appellant, v 860 WEST TOWER, INC., et al., Respondents. [667 NYS2d 718] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered July 14, 1997, which, insofar as appealed from, upon the parties' respective motions for summary judgment, declared that plaintiff has a duty to defend defendants-respondents in an underlying action against them arising out of an alleged assault, unanimously affirmed, with costs.

The IAS Court correctly held that plaintiff is required to defend defendant building, owners, managing agent and their employee in an underlying action brought by two former employees alleging an unprovoked assault by defendant employee. While the policy specifically excludes coverage for bodily injury "expected or intended from the standpoint of the insured", it also specifically excepts from this exclusion bodily injury "resulting from the use of reasonable force to protect persons or property", i.e., acts of self-defense. Both the answer to the underlying complaint, and a letter from defendants to plaintiff asking it to reconsider its denial of their request for a defense in light of the dismissal of criminal charges that had been

brought against defendant employee, and offering to provide it with additional witness statements, gave plaintiff actual knowledge of facts establishing a reasonable possibility that defendant employee was acting in self-defense against the plaintiffs in the underlying action (*see, Fitzpatrick v American Honda Motor Co.*, 78 NY2d 61). We have considered plaintiff's remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Andrias and Colabella, JJ.