■ ALMAR, INC., Respondent, v UTICA MUTUAL INSURANCE COMPANY, Appellant. [721 NYS2d 96] —In an action, *inter alia,* for judgment declaring that the defendant is obligated to defend the plaintiff in an underlying action entitled *Kiley v Al-*

*mar, Inc.,* pending in the Supreme Court, Suffolk County, under Index. No. 25646/98, the defendant appeals from an order of the Supreme Court, Suffolk County (Dunn, J.), entered March 23, 2000, which granted the plaintiff's motion for partial summary judgment declaring that it is obligated to defend the plaintiff in the underlying action.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted partial summary judgment to the plaintiff declaring that the defendant is obligated to defend it in an underlying action commenced by an employee who allegedly sustained injuries on the plaintiff's premises. The employee's complaint contained allegations that she was injured while acting in the course of her employment. In its efforts to obtain a defense and/or indemnification from the defendant, the plaintiff made the defendant aware that the employee was not working at the time of the injuries, but rather, was visiting the premises as a customer. While the policy of insurance issued to the plaintiff by the defendant provides coverage for bodily injury, it excludes coverage for bodily injury to employees arising while in the course of their employment. The defendant disclaimed coverage based on the subject exclusion. The defendant claims that in reaching its decision to disclaim coverage it was required only to consider the allegations in the underlying complaint.

Since the "duty of an insurer to defend its insured arises whenever the allegations within the four corners of the underlying complaint potentially give rise to a covered claim, or where the insurer 'has actual knowledge of facts establishing a reasonable possibility of coverage'" (*Frontier Insulation Contrs. v Merchants Mut. Ins. Co.,* 91 NY2d 169, 175, quoting *Fitzpatrick v American Honda Motor Co.,* 78 NY2d 61, 65-67), the defendant could not ignore the information supplied by the plaintiff in assessing its duty to defend (*see, Fitzpatrick v American Honda Motor Co., supra,* at 70). The defendant offered no admissible evidence sufficient to raise a triable issue of fact to defeat the plaintiff's prima facie showing of entitlement to summary judgment as a matter of law on the issue of its duty to defend (*see,* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557, 562; *Firemen's Ins. Co. v 860 W. Tower,* 246 AD2d 401). Accordingly, the Supreme Court properly granted the plaintiff's motion.

The defendant's remaining contentions are without merit. Goldstein, J. P., Florio, Luciano and H. Miller, JJ., concur.