◼ SANDY CREEK CENTRAL SCHOOL DISTRICT et al., Respondents, v UNITED NATIONAL INSURANCE COMPANY et al., Appellants, et al., Defendants. [831 NYS2d 465]—

In an action, inter alia, for a judgment declaring that the defendant United National Insurance Company is obligated to defend and indemnify the plaintiffs in an underlying action entitled *Scranton v Sandy Creek Cent. School Dist.*, pending in the Supreme Court, Oswego County, under index No. C-2003-0441, the defendants United National Insurance Company and Edward Schalk & Son, Inc., appeal from an order of the Supreme Court, Nassau County (Jonas, J.), entered August 31, 2005, which, in effect, denied their cross motion for summary judgment and granted the plaintiffs' motion for summary judgment declaring that the defendant United National Insurance Company is obligated to defend and indemnify the plaintiff Sandy Creek Central School District in the underlying action and reimburse the plaintiff New York Schools Insurance Reciprocal (NYSIR) for the costs incurred to date in connection with the defense of that action.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the cross motion of the defendants United National Insurance Company and Edward Schalk & Son, Inc., which was for summary judgment dismissing the third and fourth causes of action insofar as asserted against them, and substituting therefor a provision granting that branch of the cross motion, and (2) by deleting the provision thereof granting that branch of the plaintiffs' motion which was for summary judgment declaring that the defendant United National Insurance Company is obligated to indemnify the plaintiff Sandy Creek Central School District in the underlying action, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiffs, and the matter is remitted to the Supreme Court, Nassau County, for, inter alia, the entry of a judgment declaring that the defendant United National Insurance Company is obligated to defend the plaintiff Sandy Creek Central School District in the underlying action entitled *Scranton v Sandy Creek Cent. School Dist.*, pending in the Supreme Court, Oswego County, under index No. C-2003-0441, and to reimburse the plaintiff New York Schools Insurance Reciprocal for the costs incurred to date in connection with the defense of that action.

The plaintiff Sandy Creek Central School District (hereinafter the District), as owner, contracted with nonparty Murnane Building Contractors, Inc. (hereinafter Murnane), as general contractor, for the construction of additions and alterations to a school. Murnane subcontracted the drywall work to the defendant Edward Schalk & Son, Inc. (hereinafter Schalk). The defendant United National Insurance Company (hereinafter United) issued Schalk a comprehensive general liability insurance policy, which named the District and Murnane as additional insureds, pursuant to the blanket additional insured endorsement, but only with respect to "liability for 'bodily injury' or 'property damage' arising solely out of 'your work' [i.e., Schalk's work] on behalf of said additional insured [i.e., the District]." "Your work" was defined as "[w]ork or operations performed by you or on your behalf; and [m]aterials, parts or equipment furnished in connection with such work or operations."

Subsequently, Douglas Scranton, an employee of Schalk, commenced a personal injury action against, among others, the District, arising from injuries allegedly sustained when he slipped and fell on ice in the parking lot of the construction site while heading toward his vehicle on his lunch break. The District, and the plaintiff New York Schools Insurance Founda-

tion as attorney-in-fact for New York Schools Insurance Reciprocal (hereinafter collectively the plaintiffs) commenced this action seeking a declaration of their rights under the insurance policy issued by United to Schalk.

The Supreme Court should have granted that branch of Schalk's cross motion which was for summary judgment dismissing the third and fourth causes of action, which alleged breaches of Schalk's subcontract. Schalk made a prima facie showing of entitlement to judgment as a matter of law with respect to those causes of action (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). In opposition thereto, plaintiffs failed to raise a triable issue of fact. We modify accordingly.

The Supreme Court properly determined that United was obligated to defend the District in the underlying action, and to reimburse the NYSIR for defense costs already incurred in its defense. The duty to defend is broader than the duty to indemnify, and "arises whenever the allegations in a complaint state a cause of action that gives rise to the reasonable possibility of recovery under the policy" (*Fitzpatrick v American Honda Motor Co.*, 78 NY2d 61, 65 [1991]; *Labate v Liberty Mut. Fire Ins. Co.*, 19 AD3d 652, 653 [2005]). That is the case here. Accordingly, the Supreme Court properly granted that branch of the plaintiffs' motion which was for summary judgment declaring that United is obligated to defend the District in the underlying personal injury action and, reimburse New York Schools Insurance Reciprocal for the costs incurred to date in connection with the defense of that action.

However, as conceded by the plaintiffs, on this record, it is premature to conclude that they are entitled to indemnification. Accordingly, the Supreme Court should not have granted that branch of the plaintiffs' motion which was for summary judgment declaring that United is obligated to indemnify the District against any liability it may incur to Scranton in the underlying personal injury action. We modify accordingly.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Nassau County, for, inter alia, the entry of a judgment declaring that United is obligated to defend Sandy Creek Central School District in the underlying action entitled *Scranton v Sandy Creek Cent. School Dist.*, pending in the Supreme Court, Oswego County, under index No. C-2003-0441, and to reimburse New York Schools Insurance Reciprocal for the costs incurred to date in connection with the defense of that action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *cert denied* 371 US 901 [1962]). Miller, J.P., Rivera, Krausman and Goldstein, JJ., concur.