■ STATEN ISLAND MOLESI SOCIAL CLUB, INC., Respondent, v NAUTILUS INSURANCE COMPANY, Appellant. [835 NYS2d 303]—

In an action for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff in an action entitled *Rabinovich v DCFS Trust*, pending in the Supreme Court, Richmond County, under index No. 12222/04, the defendant appeals from an order of the Supreme Court, Richmond County (Giacobbe, J.), dated March 24, 2006, which denied its motion to dismiss the complaint and granted the plaintiff's cross motion for summary judgment declaring that it was obligated to defend and indemnify the plaintiff in the underlying action.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's cross motion which was for summary judgment declaring that the defendant is obligated to indemnify the plaintiff in the underlying action, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiff.

The defendant, Nautilus Insurance Company (hereinafter

Nautilus), issued a commercial general liability policy to the plaintiff, Staten Island Molesi Social Club, Inc. (hereinafter the Molesi Club), which provided coverage for bodily injury liability. The policy contained a liquor liability exclusion which Nautilus relied upon to disclaim coverage when the Molesi Club was sued in an action arising from the alleged distribution of alcoholic beverages at the insured premises. The Molesi Club commenced this declaratory judgment action and Nautilus moved to dismiss the complaint on the ground that the allegations within the four corners of the underlying personal injury complaint cast the pleadings wholly within the exclusion. The Molesi Club cross-moved for summary judgment based upon the affidavit of the club president which contained factual allegations describing circumstances which would give rise to a duty to defend and indemnify under a reasonable interpretation of the policy.

The Supreme Court held that the language used in the liquor liability exclusion clause regarding the noncoverage of premises used for the distribution of alcoholic beverages was susceptible to differing interpretations and thereby accorded controlling weight to the interpretation most favorable to the Molesi Club. The Supreme Court also held that the construction urged by the Molesi Club, i.e., that the exclusion, as amended, was not intended to apply to casual, nonrecurring situations involving the incidental consumption of alcohol, did not represent a strained or unnatural interpretation of the language employed, and the resultant ambiguity was resolved by the Supreme Court in favor of the Molesi Club.

Nautilus contends that, in the absence of a reference in the policy to the operation of a "business" on the premises, a simple reading of the exclusion reveals that any injury arising out of the use of the premises for the purpose of distributing alcohol is excluded. Nautilus further contends that, since the underlying personal injury complaint alleges that the injuries arose out of the use of the premises for distributing alcohol, coverage is excluded. However, in support of its motion for summary judgment, the Molesi Club demonstrated that it did not distribute or permit the premises to be used for the distribution of alcoholic beverages within the meaning of the policy.

Since the "duty of an insurer to defend its insured arises whenever the allegations within the four corners of the underlying complaint potentially give rise to a covered claim, or where the insurer 'has actual knowledge of facts establishing a reasonable possibility of coverage' " (*Frontier Insulation Contrs. v Merchants Mut. Ins. Co.*, 91 NY2d 169, 175 [1997]; quoting *Fitzpatrick v American Honda Motor Co.*, 78 NY2d 61, 65-67

[1991]; *see Almar, Inc. v Utica Mut. Ins. Co.*, 280 AD2d 624 [2001]), Nautilus could not ignore the information supplied by the Molesi Club in assessing its duty to defend (*see Fitzpatrick v American Honda Motor Co., supra* at 70). Nautilus offered no admissible evidence sufficient to raise a triable issue of fact to defeat the Molesi Club's prima facie showing of entitlement to judgment as a matter of law on the issue of its duty to defend (*see* CPLR 3212 [b]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Firemen's Ins. Co. of Washington, D.C. v 860 W. Tower*, 246 AD2d 401 [1998]). Accordingly, the Supreme Court properly granted that branch of the Molesi Club's cross motion which was for summary judgment declaring that Nautilus is obligated to defend it in the underlying personal injury action.

However, in light of the conflicting versions of the circumstances giving rise to the alleged intoxication of the driver in the underlying personal injury action, it was premature to conclude that the Molesi Club is entitled to indemnification. Accordingly, the Supreme Court should not have granted that branch of the Molesi Club's cross motion which was for summary judgment declaring that Nautilus is obligated to indemnify it in the underlying personal injury action (*see Sandy Cr. Cent. School Dist. v United Natl. Ins. Co.*, 37 AD3d 812 [2007]). Schmidt, J.P., Mastro, Carni and Dickerson, JJ., concur.