■ 4815 DEVELOPMENT CORP. et al., Plaintiffs, v HARLEYSVILLE INSURANCE COMPANY OF NEW YORK, Appellant, and UNITED NATIONAL SPECIALTY INSURANCE COMPANY, Respondent. [962 NYS2d 258]—

In an action, inter alia, for a judgment declaring that the defendant United National Speciality Insurance Company is obligated to defend and indemnify the plaintiff 4815 Development Corp. in an underlying action entitled *Tsering v New Today's Laundromat, Inc.*, pending in the Supreme Court, Queens County, under index No. 6690/08, the defendant Harleysville Insurance Company of New York appeals from so much of an order of the Supreme Court, Queens County (Siegal, J.), entered September 14, 2011, as denied its cross motion for summary

judgment declaring that the defendant United National Speciality Insurance Company is obligated to contribute equally with it to the defense of the plaintiff 4815 Development Corp. in the underlying action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion of the defendant Harleysville Insurance Company of New York for summary judgment declaring that the defendant United National Speciality Insurance Company is obligated to contribute equally with it to the defense of the plaintiff 4815 Development Corp. in the underlying action is granted, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that the defendant United National Speciality Insurance Company is obligated to contribute equally with the defendant Harleysville Insurance Company of New York to the defense of the plaintiff 4815 Development Corp. in the underlying action.

The plaintiff 4815 Development Corp. (hereinafter 4815 Development) leased out space in a building it owned in Queens to nonparty Today's Laundromat, Inc. (hereinafter TLI). In accordance with the terms of the lease, TLI obtained comprehensive general liability insurance, naming 4815 Development as an additional insured. The policy was issued by the defendant United National Specialty Insurance Company (hereinafter United) and provided for a limit of coverage of $1,000,000 per occurrence and $2,000,000 in the aggregate. In July 2007, TLI assigned the lease to nonparty New Today's Laundromat, Inc. (hereinafter NTLI). The defendant Harleysville Insurance Company of New York (hereinafter Harleysville) issued a commercial general liability policy to NTLI with the same coverage limits as United's policy, naming 4815 Development as an additional insured.

On October 6, 2007, which was during the terms of both policies, Phurbu Tsering (hereinafter the decedent) allegedly sustained fatal injuries when he fell through a door and down a flight of stairs at the subject premises. In March 2008, the decedent's administrator commenced an action to recover damages for personal injuries against 4815 Development and NTLI (hereinafter the underlying action). Approximately two months later, 4815 Development requested that United defend and indemnify it in connection with the underlying action. In its notice of claim, 4815 Development informed United that the allegedly defective door which caused the decedent's accident had been installed by United's named insured, TLI. In July 2008, approximately 49 days after receiving 4815 Development's no-

tice of claim, United disclaimed coverage, based upon lack of coverage as an additional insured, and on the ground that 4815 Development failed to give timely notice of the claim.

4815 Development and others commenced this action, inter alia, for a judgment declaring that United and Harleysville are obligated to provide additional insured coverage to 4815 Development in the underlying action. Subsequently, Harleysville agreed to defend and indemnify 4815 Development, and cross-moved for summary judgment declaring that United is obligated to contribute equally with it to 4815 Development's defense. The Supreme Court denied Harleysville's cross motion.

Harleysville made a prima facie showing that United is obligated to contribute equally with it to 4815 Development's defense pursuant to section 1 (b) of the additional insured endorsement in United's general liability policy. Section 1 (b) of the endorsement provides: "If liability or damage is imposed or sought to be imposed on the additional insured because of: . . . Its acts or omissions and those of the named insured, as to the defense of the additional insured, this insurance will act as coinsurance with any other insurance available to the additional insured, in proportion to the limits of liability of all involved policies." The documents relied upon by Harleysville in support of its motion demonstrated that United had actual knowledge of facts establishing a reasonable possibility that liability was sought to be imposed on 4815 Development because of its own acts or omissions and TLI's acts or omissions, thereby triggering United's duty to contribute to 4815 Development's defense under section 1 (b) of the additional insured endorsement (*see generally Fitzpatrick v American Honda Motor Co.*, 78 NY2d 61, 66-67 [1991]; *Auriemma v Biltmore Theatre, LLC*, 82 AD3d 1, 13-14 [2011]; *Staten Is. Molesi Social Club, Inc. v Nautilus Ins. Co.*, 39 AD3d 843 [2007]). In opposition to Harleysville's prima facie showing, United failed to raise a triable issue of fact. Contrary to United's contention, there is no "requirement with respect to a liability policy that an insured have an insurable interest in the covered premises" (*Charnowitz v GEICO*, 177 AD2d 320, 321 [1991]; *see Tyrnauer v Travelers Ins. Co.*, 15 AD2d 293, 298 [1961], *affd* 13 NY2d 613 [1963]; 3 Couch on Insurance 3d § 41:28 [2012]).

Moreover, we reject United's contention that the order should be affirmed insofar as appealed from on the alternative ground that 4815 Development failed to give notice of the claim "as soon as reasonably practicable," as required by the policy. Harleysville demonstrated, prima facie, that United's delay in issuing a notice of disclaimer to 4815 Development was unrea-

sonable as a matter of law, and that, consequently, United was precluded from disclaiming coverage based on the alleged lateness of the notice of claim (*see* Insurance Law § 3420 [d]; *Quest Bldrs. Group, Inc. v Deco Interior Constr., Inc.*, 56 AD3d 744, 746 [2008]; *Matter of Allstate Ins. Co. v Swinton*, 27 AD3d 462, 462-463 [2006]; *Matter of Colonial Penn Ins. Co. v Pevzner*, 266 AD2d 391 [1999]). In opposition, United "failed to raise a triable issue of fact as to whether the delay was reasonably related to the completion of a necessary, thorough, and diligent investigation, or whether there was any other satisfactory explanation for the delay" (*Quest Bldrs. Group, Inc. v Deco Interior Constr., Inc.*, 56 AD3d at 746; *see Campos v Sarro*, 309 AD2d 888, 889 [2003]).

United's remaining contentions are without merit.

Accordingly, the Supreme Court should have granted Harleysville's cross motion. Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that United is obligated to contribute equally with Harleysville to the defense of 4815 Development Corp. in the underlying action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Balkin, J.P., Lott, Austin and Sgroi, JJ., concur.