■ STEVE SURACE, SR., et al., Respondents, v COMMONWEALTH LAND TITLE INSURANCE COMPANY, Appellant. [879 NYS2d 542]—

In an action, inter alia, to recover damages for breach of a title insurance policy and the negligent failure to timely record a mortgage, the defendant appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Richmond County (Maltese, J.), dated June 25, 2008, which, inter alia, denied its motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) and for summary judgment dismissing the complaint pursuant to CPLR 3212.

Ordered that the order is affirmed insofar as appealed from, with costs, and, upon searching the record, summary judgment is awarded to the plaintiffs on the issue of liability.

On April 5, 2005 the plaintiffs obtained a mortgage interest in real property in the principal sum of $360,000. The plaintiffs obtained title insurance from the defendant. The defendant did not submit the mortgage document for recording until January 30, 2006. In the interim, on July 14, 2005 a second mortgage

was taken out on the property. This second mortgage was recorded on August 1, 2005. Thus, the second mortgage was recorded before the first mortgage held by the plaintiffs, and became the first lien on the property. The plaintiffs commenced this action, alleging, inter alia, a breach of the title insurance policy and the negligent failure to timely record the mortgage.

To prevail on that branch of its motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1), the defendant was required to demonstrate that "the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.,* 98 NY2d 314, 326 [2002]). Insofar as the defendant's motion is predicated upon CPLR 3211 (a) (7), the court is required to "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez,* 84 NY2d 83, 87-88 [1994]).

The complaint states a valid cause of action alleging a breach of the title insurance policy. The complaint also states a valid cause of action alleging negligence, which is independent of the parties' contract of insurance (*see Gem Servs. of N.Y., Inc. v United Gen. Tit. Ins. Co.,* 28 AD3d 516 [2006]; *Cruz v Commonwealth Land Tit. Ins. Co.,* 157 AD2d 333 [1990]). Moreover, contrary to the arguments of the defendant, the documentary evidence failed to refute the plaintiffs' allegations.

The Supreme Court also properly denied that branch of the defendant's motion which was for summary judgment dismissing the complaint pursuant to CPLR 3212 because the defendant failed to make a prima facie showing of its entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]).

This Court has the authority to search the record and award summary judgment to a nonappealing party with respect to an issue that was the subject of a motion before the Supreme Court (*see Garcia v Lopez,* 59 AD3d 593 [2009]; *cf. Dunham v Hilco Constr. Co.,* 89 NY2d 425, 429-430 [1996]). Here, the plaintiffs cross-moved for summary judgment on the issue of liability, and the defendant submitted opposition thereto. Upon searching the record, we find that the plaintiffs made a prima facie showing of entitlement to summary judgment on the issue of liability by producing evidence, on their cross motion, that the defendant breached the title insurance policy and was negligent in failing to record the plaintiffs' mortgage in a timely manner. In opposition, the defendant failed to raise a triable issue of fact. Accord-

ingly, the plaintiffs are entitled to summary judgment on the issue of liability (*see* CPLR 3212 [b]).

The defendant's contention that the Supreme Court erred in directing it to pay to the plaintiffs' attorney the sum of $94,622.35 to be held in escrow pending the completion of this matter has been rendered academic. In an order dated August 29, 2008, the Supreme Court, inter alia, amended the order appealed from to delete such provision, upon the stipulation of the parties.

The defendant's remaining contentions are without merit. Rivera, J.P., Spolzino, Angiolillo and Balkin, JJ., concur.