■ STELLAR MECHANICAL SERVICES OF NEW YORK, INC., et al., Appellants, v MERCHANTS INSURANCE OF NEW HAMPSHIRE, Respondent, et al., Defendants. [903 NYS2d 471]—

In an action, inter alia, for a judgment declaring that the defendant Merchants Insurance of New Hampshire is obligated, as the primary insurer, to defend and indemnify the plaintiff Stellar Mechanical Services of New York, Inc., in an underlying personal injury action entitled *Marsalona v Brighton Development, LLC,* commenced in the Supreme Court, Queens County, under index No. 26333/03, the plaintiffs appeal from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Cullen, J.), dated January 8, 2009, as denied that branch of their cross motion which was, in effect, for summary judgment declaring that the defendant Merchants Insurance of New Hampshire is obligated, as the primary insurer, to defend and indemnify the plaintiff Stellar Mechanical Services of New York, Inc., in the underlying action, granted the motion of that defendant, inter alia, for summary judgment declaring that it is not obligated to defend and indemnify the plaintiff Stellar Mechanical Services of New York, Inc., in the underlying action, and declared that the defendant Merchants Insurance of New Hampshire is not obligated to defend and indemnify the plaintiff Stellar Mechanical Services of New York, Inc., in the underlying action.

Ordered that the order and judgment is modified, on the law, (1) by deleting the provision thereof denying that branch of the plaintiffs' cross motion which was, in effect, for summary judgment declaring that the defendant Merchants Insurance of New Hampshire is obligated, as the primary insurer, to defend the plaintiff Stellar Mechanical Services of New York, Inc., in the underlying action, and substituting therefor a provision granting that branch of the cross motion which was, in effect, for summary judgment declaring that the defendant Merchants Insurance of New Hampshire is obligated, as the primary insurer, to defend the plaintiff Stellar Mechanical Services of New York, Inc., in the underlying action only from the time the plaintiff Stellar Mechanical Services of New York, Inc., was served with the second amended complaint in the underlying action, and

otherwise denying that branch of the cross motion; (2) by deleting the provision thereof granting that branch of the motion of the defendant Merchants Insurance of New Hampshire which was for summary judgment declaring that it is not obligated to defend the plaintiff Stellar Mechanical Services of New York, Inc., in the underlying action, and substituting therefor a provision denying that branch of the motion, and (3) by deleting the provision thereof declaring that the defendant Merchants Insurance of New Hampshire is not obligated to defend and indemnify the plaintiff Stellar Mechanical Services of New York, Inc., in the underlying action, and substituting therefor a provision declaring that Merchants Insurance of New Hampshire is obligated, as the primary insurer, to defend the plaintiff Stellar Mechanical Services of New York, Inc., in that action from the time the plaintiff Stellar Mechanical Services of New York, Inc., was served with the second amended complaint in that action, and to reimburse the plaintiff American Empire Surplus Lines Insurance Company for the costs incurred in connection with the defense of the plaintiff Stellar Mechanical Services of New York, Inc., in that action from the time the plaintiff Stellar Mechanical Services of New York, Inc., was served with the second amended complaint in that action, but is not obligated to indemnify the plaintiff Stellar Mechanical Services of New York, Inc., in that action; as so modified, the order and judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for an assessment of the costs incurred by the plaintiff American Empire Surplus Lines Insurance Company in connection with the defense of the plaintiff Stellar Mechanical Services of New York, Inc., in the underlying action from the time the plaintiff Stellar Mechanical Services of New York, Inc., was served with the second amended complaint in that action, and the entry of an appropriate amended judgment thereafter.

In a contract dated May 12, 2003, the plaintiff Stellar Mechanical Services of New York, Inc. (hereinafter Stellar), agreed to install a heating, ventilation, and air conditioning system in a particular building that was being constructed. Stellar was insured under a commercial general liability insurance policy issued by the plaintiff American Empire Surplus Lines Insurance Company (hereinafter American).

In a subcontract dated May 24, 2003, Stellar subcontracted the duct work to the defendant Serge Duct Design (hereinafter Serge). At the time Serge's owner executed the subcontract, he also executed an "Indemnity Agreement and Agreement to Maintain Certain Insurance" (hereinafter the indemnity agree-

ment), which, Stellar's "recording secretary" explained, "belong[ed] to" the subcontract. As the subcontract effectively did, the indemnity agreement, in effect, obligated Serge to name Stellar Mechanical Services of NY II, a trade name often used by Stellar, as an "additional insured" on Serge's insurance policies on "a primary and non-contributory basis." In addition, as the subcontract did, the indemnity agreement also obligated Serge, "to the fullest extent permitted by law," to "indemnify, hold harmless and defend" Stellar "from and against all claims, damages, losses and expenses including but not limited to attorney's fees arising out of or resulting from the work of [Serge] provided any such claim, damage, loss or expense [was] attributable to," inter alia, "bodily injury," and was "caused in whole or in part by any act or omission of" Serge's.

Serge was insured under a commercial general liability insurance policy issued by the defendant Merchants Mutual Insurance Company, sued herein as Merchants Insurance of New Hampshire (hereinafter Merchants). Serge's policy specified that an "additional insured" included "[a]ny person or organization" that Serge was "required by a written contract, agreement or permit to name as an insured . . . but only with respect to liability arising out of," inter alia, "work" Serge "performed for" the person or organization "at the location designated in the contract, agreement or permit."

After the subcontract and indemnity agreement were executed, Serge provided Stellar with a certificate of insurance. The certificate indicated that Stellar was an additional insured under Serge's insurance policy.

On July 11, 2003, the defendant Michael Marsalona, an employee of another subcontractor working on the project, fell through an opening in the building's roof, and allegedly was injured. The insurance policies of Stellar and Serge were effective on the date of the accident.

On or about November 6, 2003, Marsalona commenced a personal injury action (hereinafter the underlying action) against certain entities, alleging that their employees were negligent, violated Labor Law §§ 200, 240 and 241, and caused his injuries. He did not name Stellar or Serge as defendants in that action. On or about August 17, 2005, Marsalona served an amended complaint in the underlying action naming, among others, Stellar as a defendant in that action.

In a letter to Merchants dated February 22, 2006, Stellar demanded that Merchants defend and indemnify Stellar in the underlying action. However, in a letter written in response, Merchants, which had conducted an investigation, disclaimed

coverage. First, Merchants asserted that its investigation revealed that the "loss" did "not arise out of the work performed by Serge." In addition, Merchants, noting that a provision in Serge's insurance policy required that Merchants be given notice of an "occurrence" or a "suit" as soon as practicable, asserted that "notice of [the] loss by Stellar[ ], as an additional insured, was not provided timely."

On or about March 27, 2006, Marsalona, who obtained leave of court, served a second amended complaint in the underlying action, naming, among others, Serge as a defendant in that action.

In a letter to Merchants dated June 28, 2006, Stellar, which enclosed the second amended complaint in the underlying action, pointed out that the pleading "contain[ed] allegations that [the] accident arose out of Serge's work." Although Stellar, in effect, again demanded that Merchants defend and indemnify Stellar in the underlying action, Merchants refused to do so. American then provided Stellar with a defense in the underlying action, which eventually settled.

Stellar and American commenced this action against Merchants and others, seeking, inter alia, a judgment declaring that Merchants is obligated, as the primary insurer, to defend and indemnify Stellar in the underlying action. After the completion of discovery, Merchants moved, inter alia, for summary judgment declaring that it is not obligated to defend and indemnify Stellar in the underlying action. Stellar and American then cross-moved, inter alia, in effect, for summary judgment declaring that Merchants is obligated, as the primary insurer, to defend and indemnify Stellar in the underlying action.

In the order and judgment appealed from, the Supreme Court, inter alia, granted Merchants' motion, denied that branch of Stellar's and American's cross motion which was, in effect, for summary judgment, and declared that Merchants is not obligated to defend and indemnify Stellar in the underlying action. We modify, however, because Merchants is obligated, as the primary insurer, to defend Stellar in the underlying action, although it is not obligated to indemnify Stellar in that action.

On their cross motion, Stellar and American submitted the subcontract and the indemnity agreement, pursuant to which Serge was obligated to name Stellar as an additional insured under Serge's insurance policy. Stellar and American also submitted Serge's insurance policy, which provided that "[a]ny . . . organization" that Serge was "required by a written contract . . . to name as an insured" was an additional insured under the policy "with respect to liability arising out of" any

"work" Serge "performed for" the organization "at the location designated in the contract." Finally, Stellar and American submitted the certificate of insurance reflecting that Serge named Stellar as an additional insured under Serge's insurance policy. Based on these submissions, Stellar and American established, prima facie, that Stellar qualified as an additional insured under Serge's policy (*cf. Superior Ice Rink, Inc. v Nescon Contr. Corp.*, 52 AD3d 688, 690-692 [2008]). In opposition, Merchants failed to raise a triable issue of fact.

In addition, on their cross motion, Stellar and American established, prima facie, that Merchants was obligated to defend Stellar in the underlying action (*see Sandy Cr. Cent. School Dist. v United Natl. Ins. Co.*, 37 AD3d 812, 813-814 [2007]; *Baron v Home Ins. Co.*, 112 AD2d 391, 392 [1985]), but only from the time Stellar was served with the second amended complaint in that action. An insurer must defend its insured whenever the allegations of a complaint in an underlying action suggest a reasonable possibility of coverage (*see BP A.C. Corp. v One Beacon Ins. Group*, 8 NY3d 708, 714 [2007]; *Fitzpatrick v American Honda Motor Co.*, 78 NY2d 61, 65-66 [1991]). Here, the second amended complaint in the underlying action, which Stellar and American submitted on their motion, amended the first amended complaint so as to include allegations to the effect that the accident was caused by the negligence of Serge's employees. Those allegations suggested, for the first time, a reasonable possibility of coverage in the underlying action for Stellar under Serge's insurance policy. Therefore, the second amended complaint triggered Merchants' duty to defend Stellar in that action, as an additional insured, regardless of whether the allegations concerning Serge were ultimately shown to be groundless (*see BP A.C. Corp. v One Beacon Ins. Group*, 8 NY3d at 714). In opposition, Merchants failed to raise a triable issue of fact as to whether it was obligated to defend Stellar in that action from the time Stellar was served with the second amended complaint. Although Merchants asserted that it properly disclaimed coverage on the ground that it was not notified as soon as practicable of the accident and the underlying action, Stellar and American established that Merchants failed to timely disclaim coverage on these grounds and, hence, that Merchants is precluded from disclaiming coverage on those grounds (*see* Insurance Law § 3420 [d]; *Matter of New York Cent. Mut. Fire Ins. Co. v Aguirre*, 7 NY3d 772, 774-775 [2006]; *First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 68-70 [2003]; *Matter of Allstate Ins. Co. v Swinton*, 27 AD3d 462, 462-463 [2006]).

Finally, on their cross motion, Stellar and American estab-

lished, prima facie, that as between American and Merchants, Merchants is the primary insurer, and the coverage provided to Stellar under Stellar's insurance policy is excess to the coverage provided to Stellar under Serge's insurance policy (*see William Floyd School Dist. v Maxner*, 68 AD3d 982, 986-987 [2009]). In opposition, Merchants failed to raise a triable issue of fact.

Thus, the Supreme Court should have, inter alia, granted that branch of Stellar's and American's cross motion which was, in effect, for summary judgment declaring that Merchants is obligated, as the primary insurer, to defend Stellar in the underlying action from the time Stellar was served with the second amended complaint in that action. However, the Supreme Court properly granted that branch of Merchants' motion which was for summary judgment declaring that Merchants is not obligated to indemnify Stellar in the underlying action.

Even in cases of negotiated settlements, there can be no duty to indemnify unless a determination is made that there was a covered loss (*see Servidone Constr. Corp. v Security Ins. Co. of Hartford*, 64 NY2d 419, 423-425 [1985]; *Hotel des Artistes v General Acc. Ins. Co. of Am.*, 9 AD3d 181, 193 [2004]). The insurer has the burden of establishing that the loss was not within the policy coverage (*see Servidone Constr. Corp. v Security Ins. Co. of Hartford*, 64 NY2d at 425). On its motion, Merchants submitted certain evidence supporting a determination that any loss of Stellar's was not within the coverage of Serge's insurance policy because Stellar's "liability" did not "aris[e] out of" any "work . . . performed" by Serge. In this regard, Merchants submitted certain deposition testimony showing that Serge's employees did not create the opening through which Marsalona fell, and were not responsible for protecting construction workers from falling through that opening. In opposition, Stellar and American failed to raise a triable issue of fact. Mastro, J.P., Covello, Eng and Belen, JJ., concur.