In an action, inter alia, for a judgment declaring that the defendant New York Central Mutual Fire Insurance Company is obligated to indemnify the plaintiffs for damages awarded in an underlying personal injury action entitled Schwartz v Dreyer, filed in the Supreme Court, Nassau County, under index No. 5934/2005, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Lally, J.), entered July 26, 2011, as granted that branch of the plaintiffs’ motion which was, in effect, for summary judgment declaring that it is obligated to indemnify them for a judgment entered against them *686 in the underlying action in the principal sum of $25,000, plus interest.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiffs’ motion which was, in effect, for summary judgment declaring that the defendant is obligated to indemnify them for a judgment entered against them in the underlying action in the principal sum of $25,000, plus interest, is denied.
The underlying personal injury action giróse out of an incident in which a vehicle driven by Walter Dreyer, and owned by Patricia Dreyer, was struck in the rear by a vehicle driven by Edmund Schwartz. Immediately after the collision, when Schwartz stopped and exited his vehicle, Walter Dreyer allegedly intentionally drove his vehicle into Schwartz, yelled at him, and left the scene of the accident. In a separate criminal prosecution, Walter Dreyer was charged with two class A misdemeanors, assault (see Penal Law § 120.00) and leaving the scene of an accident involving personal injury (see Vehicle and Traffic Law § 600 [2]), and he ultimately pleaded guilty to the violations of disorderly conduct (see Penal Law § 240.20 [7]) and leaving the scene of an accident involving property damage (see Vehicle and Traffic Law § 600 [1]). Schwartz commenced the underlying personal injury action, asserting a negligence cause of action against Walter Dreyer and Patricia Dreyer, and asserting intentional tort causes of action against Walter Dreyer alone.
The Dreyers’ insurer, New York Central Mutual Fire Insurance Company (hereinafter the insurer), disclaimed coverage for any injuries caused by the intentional acts of Walter Dreyer under an applicable exclusion in the policy, and only agreed to provide the Dreyers with a defense in the underlying action under a reservation of rights as to its duty to indemnify. The Dreyers then commenced the instant action for a judgment declaring that the insurer was bound to defend and indemnify them in the underlying action. In June 2006, the Supreme Court granted a motion by the Dreyers for summary judgment, in effect, declaring that the insurer was bound to pay their counsel fees incurred in defending the underlying action. In that order, the Supreme Court noted that the question of the insurer’s liability for indemnification must await the outcome of the trial in the underlying action.
At the conclusion of the trial of the underlying action, only the negligence cause of action was submitted to the jury. The jury determined that Walter Dreyer and Schwartz were both negligent, and that Schwartz had sustained damages for pain and suffering in the amount of $50,000. The jury apportioned *687 the damages equally between the parties based on a finding that each of them was 50% at fault. After the jury verdict, the Dreyers moved in the instant action, inter alia, in effect, for summary judgment declaring that the insurer is obligated to indemnify them for the judgment entered against them in the underlying action in the principal sum of $25,000, plus interest. The Supreme Court granted that branch of the Dreyers’ motion.
“While the duty to defend is measured against the possibility of a recovery, the duty to pay is determined by the actual basis for the insured’s liability to a third person” (Frontier Insulation Contrs. v Merchants Mut. Ins. Co., 91 NY2d 169, 178 [1997] [internal quotation marks omitted]; see Servidone Constr. Corp. v Security Ins. Co. of Hartford, 64 NY2d 419, 424 [1985]). The burden to establish coverage and a duty to indemnify lies with the insured (see Consolidated Edison Co. of N.Y. v Allstate Ins. Co., 98 NY2d 208, 218 [2002]; Belsito v State Farm Mut. Ins. Co., 27 AD3d 502, 503 [2006]). However, the insurer has the burden of proving facts establishing that the loss falls within an exclusionary clause of the insurance policy (see Prashker v United States Guar. Co., 1 NY2d 584, 592 [1956]; see also Stellar Mech. Servs. of N.Y., Inc. v Merchants Ins. of N.H., 74 AD3d 948, 953 [2010]).
Here, the Dreyers established their prima facie entitlement to judgment as a matter of law on their causes of action for indemnification with evidence including, inter alia, the insurance policy provision covering damages for bodily injury or property damage sustained in an automobile accident for which Walter Dreyer became “legally responsible,” and a copy of the jury verdict in the underlying action, finding Walter Dreyer to have been negligent and apportioning $25,000 of the damages to him premised upon his degree of comparative fault.
In opposition, the insurer submitted evidence from the criminal prosecution and the underlying personal injury action, including Schwartz’s deposition testimony, which raised a triable issue of fact whether the loss fell within a policy exclusion for bodily injury “intentionally” caused by the insured. Contrary to the Dreyers’ contention, the jury’s verdict on the negligence cause of action in the underlying action did not preclude application of the relevant policy exclusion as a matter of law. Where, as here, the insurer provides a defense to the insured in the underlying action, the insurer is neither a party to the action, nor in privity with a party, and the attorneys provided by the insurer are obligated to act in the interest of the insured, not in the interest of the insurer (see First State
*688 Ins. Co. v J & S United Amusement Corp., 67 NY2d 1044, 1046 [1986]). Further, it is undisputed that the intentional tort causes of action were not submitted to the jury in the underlying action, and thus, there has been no adjudication of the facts relevant to the applicable policy exclusion for intentional conduct (see Servidone Constr. Corp. v Security Ins. Co. of Hartford, 64 NY2d at 424-425 [where the insurer breached its duty to defend and the underlying action settled without a determination of the basis for liability, the insurer was entitled to litigate the coverage issue in a declaratory judgment action]; see also Indemnity Ins. Co. of N. Am. v St. Paul Mercury Ins. Co., 74 AD3d 21, 25 [2010]). “While the insured’s negligence may have been a proximate cause of plaintiffs injuries [in the underlying personal injury action], that only resolves [the insured’s] liability; it does not resolve the insured’s right to coverage based on the language of the contract between him and the insurer” (Mount Vernon Fire Ins. Co. v Creative Hous., 88 NY2d 347, 352 [1996]; cf. Allstate Ins. Co. v Zuk, 78 NY2d 41, 46-47 [1991]; Massa v Nationwide Mut. Fire Ins. Co., 74 AD3d 1661, 1665 [2010]).
Accordingly, the Supreme Court should have denied that branch of the plaintiffs’ motion which was, in effect, for summary judgment declaring that the insurer is obligated to indemnify them for the judgment entered against them in the underlying action. Dillon, J.E, Angiolillo, Dickerson and Hinds-Radix, JJ., concur.