◼ SALT CONSTRUCTION CORP., Respondent, v FARM FAMILY CASUALTY INSURANCE COMPANY, Appellant. [990 NYS2d 837]—

In an action, inter alia, for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff in an underlying action entitled *Giacoia v Salt Construction Corp.*, pending in the Supreme Court, Suffolk County, under index No.

13902/08, the defendant appeals from an order of the Supreme Court, Suffolk County (Martin, J.), entered December 26, 2012, which granted the plaintiff's motion for summary judgment declaring that the defendant is obligated to defend the plaintiff in the underlying action.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the defendant is obligated to defend the plaintiff in the underlying action entitled *Giacoia v Salt Construction Corp.,* pending in the Supreme Court, Suffolk County, under index No. 13902/08.

An insurer's duty to defend is broader than the duty to indemnify and arises whenever the allegations of the complaint against the insured, liberally construed, potentially fall within the scope of the risks undertaken by the insurer (*see Barkan v New York Schools Ins. Reciprocal,* 65 AD3d 1061, 1063 [2009]). "The duty of an insurer to defend its insured arises whenever the allegations within the four corners of the underlying complaint potentially give rise to a covered claim" (*Physicians' Reciprocal Insurers v Loeb,* 291 AD2d 541, 542 [2002]). If any of the claims against the insured arguably arise from covered events, the insurer is required to defend the entire action (*see Fitzpatrick v American Honda Motor Co.,* 78 NY2d 61 [1991]). Nonetheless, "an insurer can be relieved of its duty to defend if it establishes as a matter of law that there is no possible factual or legal basis on which it might eventually be obligated to indemnify its insured under any policy provision" (*Allstate Ins. Co. v Zuk,* 78 NY2d 41, 45 [1991]).

The plaintiff established, prima facie, its entitlement to judgment as a matter of law declaring that the defendant insurer has an obligation to defend the plaintiff in the underlying action. The plaintiff demonstrated that the allegations of the complaint in the underlying action potentially give rise to a claim covered by the policy (*see e.g. Barkan v New York Schools Ins. Reciprocal,* 65 AD3d at 1063-1064), and, in opposition, the defendant failed to raise a triable issue of fact (*see generally Zuckerman v City of New York,* 49 NY2d 557, 563 [1980]).

The defendant's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment declaring that the defendant is obligated to defend it in the underlying action.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the defendant is obligated to defend the plaintiff in the underlying action (*see Lanza*

*v Wagner*, 11 NY2d 317, 334 [1962]). Skelos, J.P., Dickerson, Cohen and Duffy, JJ., concur.