◼ MIGUEL PINON et al., Plaintiffs, v 99 LYNN AVENUE, LLC, et al., Defendants/Second Third-Party Plaintiffs-Respondents, and GEORGE E. VICKERS, JR., ENTERPRISES, INC., Defendant/Third-Party Plaintiff-Respondent, et al., Defendants. MERCHANTS MUTUAL INSURANCE COMPANY, Third-Party Defendant/Second Third-Party Defendant-Appellant; LEXINGTON INSURANCE COMPANY, Second Third-Party Defendant-Respondent. [2 NYS3d 173]—

In an action to recover damages for personal injuries and two related third-party actions, the third-party defendant/second third-party defendant Merchants Mutual Insurance Company appeals from (1) so much of an order of the Supreme Court, Suffolk County (Martin, J.), dated April 2, 2012, as granted the motion of the second third-party defendant Lexington Insurance Company for summary judgment declaring that it is obligated to defend the defendants/second third-party plaintiffs 99 Lynn Avenue, LLC, and 105 Lynn Avenue, LLC, in the main action, granted the separate motion of the defendant/third-party plaintiff George E. Vickers, Jr., Enterprises, Inc., for summary judgment declaring that it is obligated to defend George E. Vickers, Jr., Enterprises, Inc., in the main action and reimburse it

for past defense costs in the main action, and denied its cross motion for summary judgment declaring that it is not so obligated, and (2) a money judgment of the same court entered September 26, 2013, in the third-party action, which, upon the order dated April 2, 2012, and upon a decision of the same court dated July 17, 2013, is in favor of George E. Vickers, Jr., Enterprises, Inc., and against it in the sum of $55,022 for defense costs.

Ordered that the order dated April 2, 2012, is affirmed insofar as appealed from; and it is further,

Ordered that the money judgment is affirmed; and it is further,

Ordered that the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that Merchants Mutual Insurance Company is obligated to defend the defendant/third-party plaintiff George E. Vickers, Jr., Enterprises, Inc., and the defendants second third-party plaintiffs 99 Lynn Avenue, LLC, and 105 Lynn Avenue, LLC, in the main action, and to reimburse the defendant/third-party plaintiff George E. Vickers, Jr., Enterprises, Inc., for past defense costs in the main action; and it is further,

Ordered that one bill of costs is awarded to George E. Vickers, Jr., Enterprises, Inc., payable by Merchants Mutual Insurance Company.

In 2004, 99 Lynn Avenue, LLC, and 105 Lynn Avenue, LLC (hereinafter together the Lynn LLCs), the respective owners of properties located at 99 Lynn Avenue and 105 Lynn Avenue in Hampton Bays, contracted with George E. Vickers, Jr., Enterprises, Inc. (hereinafter Vickers), a general contractor, for the construction of custom homes on each of their respective properties. Vickers subcontracted with Paul Michael Contracting Corp. (hereinafter PMC) to perform the masonry work on the projects. On June 25, 2005, the plaintiff Miguel Pinon, an employee of PMC, was injured when, during his lunch break from his work for PMC on the projects, he dove off a bulkhead located on one of the subject properties into shallow waters in Shinnecock Bay.

The plaintiffs commenced this action to recover damages for personal injuries against, among others, the Lynn LLCs, Vickers, and PMC. Vickers commenced a third-party action against Merchants Mutual Insurance Company (hereinafter Merchants) seeking defense, indemnification, and reimbursement of past defense costs in connection with the main action as an additional insured under a commercial liability insurance policy that Merchants issued to PMC. The Lynn LLCs commenced a

second third-party action against Merchants and Lexington Insurance Company (hereinafter Lexington) seeking defense, indemnification, and reimbursement of past defense costs as additional insureds under the policy Merchants issued to PMC and as named insureds under separate homeowners' insurance policies that Lexington issued to them.

Vickers moved for summary judgment declaring that Merchants is obligated to defend it in the main action and reimburse it for past defense costs in connection with the main action. Lexington separately moved for summary judgment declaring that Merchants is obligated to defend the Lynn LLCs in the main action. Merchants cross-moved for summary judgment declaring that it is not so obligated.

The policy issued by Merchants to PMC stated that it provided additional insurance coverage for "[a]ny person or organization [PMC was] required by a written contract, agreement or permit to name as an insured" with respect to liability for injuries arising out of PMC's work for the additional insured "at the location designated in the contract."

Contrary to Merchants' contention, Vickers and Lexington demonstrated, prima facie, the existence of a written contract expressly requiring PMC to name Vickers and the Lynn LLCs as additional insureds under the commercial liability policy it obtained from Merchants (cf. *Ramcharan v Beach 20th Realty, LLC*, 94 AD3d 964, 966-967 [2012]; *140 Broadway Prop. v Schindler El. Co.*, 73 AD3d 717, 718 [2010]). Vickers and Lexington further demonstrated, prima facie, that the allegations of the complaint in the underlying action suggested a reasonable possibility of coverage in that Pinon's injuries arose out of PMC's operations on the Lynn projects, as defined in the subject policy (see *Regal Constr. Corp. v National Union Fire Ins. Co. of Pittsburgh, PA*, 15 NY3d 34, 38-39 [2010]; *BP A.C. Corp. v One Beacon Ins. Group*, 8 NY3d 708, 715 [2007]; *Stellar Mech. Servs. of N.Y., Inc. v Merchants Ins. of N.H.*, 74 AD3d 948, 952 [2010]). Merchants failed to raise a triable issue of fact in opposition to Vickers' and Lexington's motions.

Accordingly, the Supreme Court properly granted Vickers' motion for summary judgment declaring that Merchants is obligated to defend it in the main action and reimburse it for past defense costs in the main action, and Lexington's motion for summary judgment declaring that Merchants is obligated to defend the Lynn LLCs in the main action. For the same reasons, the court properly denied that branch of Merchants' cross motion which was for summary judgment declaring that it is not so obligated.

In light of our determination, we need not reach the parties' remaining contentions.

Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that Merchants is obligated to defend Vickers and the Lynn LLCs in the main action, and reimburse Vickers for past defense costs in the main action (see *Lanza v Wagner*, 11 NY2d 317 [1962]). Dillon, J.P., Hinds-Radix, Maltese and Barros, JJ., concur.