██ PLAZA HOME MORTGAGE, INC., Appellant, v FIDELITY NATIONAL TITLE INSURANCE COMPANY, Respondent. [42 NYS3d 854]—

In an action to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Jaeger, J.), entered December 23, 2014, as denied its motion for summary judgment on the complaint and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant title insurance company established prima

facie that coverage of the plaintiff mortgagee's loss under the subject title insurance policy was properly denied based on the exclusion in the policy for any loss which was "created, suffered, assumed or agreed to by the Insured Claimant." The plaintiff wired the funds for the mortgage loans to the escrow account of the attorney for the borrowers with closing instructions to perform certain duties on its behalf as the settlement agent, thereby designating that attorney as its agent. Therefore, the act of the settlement agent in misappropriating the funds he had been directed to use to pay off a prior mortgage was properly imputed to the plaintiff, and therefore, the plaintiff created the loss at issue (*see Fidelity Natl. Tit. Ins. Co. of N.Y. v Consumer Home Mtge.*, 272 AD2d 512, 514 [2000]).

Thus, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint, as it met its prima facie burden of establishing its entitlement to judgment as a matter of law by demonstrating that the plaintiff's claim of coverage fell within an exclusion of the policy, and in opposition, the plaintiff failed to raise a triable issue of fact (*see Property Hackers, LLC v Stewart Tit. Ins. Co.*, 96 AD3d 818, 819 [2012]). For the same reasons, the plaintiff's motion for summary judgment was properly denied. Austin, J.P., Cohen, Maltese and Duffy, JJ., concur.