McCoy v Medford Landing, L.P. (2018 NY Slip Op 06236)





McCoy v Medford Landing, L.P.


2018 NY Slip Op 06236


Decided on September 26, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2015-03996
2016-01222
2016-10491
 (Index No. 26401/09)

[*1]Grace McCoy, plaintiff-respondent, 
v
Medford Landing, L.P., defendant third-party/second third- party plaintiff-appellant-respondent; Harte Landscaping, Inc., et al., third-party defendants-respondents-appellants; NGM Insurance Company, second third-party defendant- respondent.


Shein & Associates, P.C. (Carol R. Finocchio, New York, NY [Marie R. Hodukavich], of counsel), for defendant third-party/second third-party plaintiff-appellant-respondent.
Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Michael Reagan of counsel), for third-party defendants-respondents-appellants.
Gruenberg Kelly Della, Ronkonkoma, NY (Zachary M. Beriloff of counsel), for plaintiff-respondent.
Brill & Associates, P.C., New York, NY (Corey M. Reichardt of counsel), for second third-party defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant third-party/second third-party plaintiff appeals, and the third-party defendants cross-appeal, from (1) an order of the Supreme Court, Suffolk County (James Hudson, J.), dated January 30, 2015, and (2) an order of the same court dated December 15, 2015, and the defendant third-party/second third-party plaintiff appeals from (3) a judgment of the same court (Paul J. Baisley, Jr., J.) entered August 30, 2016. The order dated January 30, 2015, insofar as appealed from, denied the motion of the defendant third-party/second third-party plaintiff for summary judgment dismissing the complaint, the separate motion of the defendant third-party/second third-party plaintiff for summary judgment on the third-party causes of action for contractual indemnification, for common-law indemnification, and alleging breach of contract, and those branches of the separate motion of the defendant third-party/second third-party plaintiff which were for summary judgment declaring that the second third-party defendant is obligated to defend and indemnify it in the main action and to reimburse it for costs, disbursements, and attorneys' fees incurred in defending the main action. The order dated January 30, 2015, insofar as cross-appealed from, denied the motion of the defendant third-party/second third-party plaintiff for summary judgment dismissing the complaint. The order dated December 15, 2015, insofar as appealed from, denied the motion of the defendant third-party/second third-party plaintiff for leave to reargue its motions for summary judgment. The [*2]order dated December 15, 2015, insofar as cross-appealed from, denied the third-party defendants' motion for leave to reargue the motion of the defendant third-party/second third-party plaintiff for summary judgment dismissing the complaint. The judgment, upon a jury verdict in favor of the defendant third-party/second third-party plaintiff on the issue of liability, is in favor of the defendant third-party/second third-party plaintiff and against the plaintiff dismissing the complaint. The parties have stipulated to withdraw so much of the appeals and cross appeals as relate to issues raised against the plaintiff and the issue of common-law indemnification.
ORDERED that the appeal from so much of the order dated January 30, 2015, as denied the motion of the defendant third-party/second third-party plaintiff for summary judgment dismissing the complaint and that branch of the separate motion of the defendant third-party/second third-party plaintiff which was for summary judgment on the third-party cause of action for common-law indemnification is dismissed as withdrawn; and it is further,
ORDERED that the appeal from so much of the order dated January 30, 2015, as denied that branch of the motion of the defendant third-party/second third-party plaintiff which was for summary judgment on the third-party cause of action for contractual indemnification, except to the extent that it sought to recover the costs, disbursements, and attorneys' fees incurred in defending the main action, and that branch of the separate motion of the defendant third-party/second third-party plaintiff which was for summary judgment declaring that the second third-party defendant is obligated to defend and indemnify it in the main action is dismissed as academic; and it is further,
ORDERED that the cross appeal from the order dated January 30, 2015, is dismissed as withdrawn; and it is further,
ORDERED that the appeal and cross appeal from the order dated December 15, 2015, are dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the appeal from the judgment is dismissed, as the defendant third-party/second third-party plaintiff is not aggrieved by the judgment (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order dated January 30, 2015, is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant third-party/second third-party plaintiff which was for summary judgment declaring that the second third-party defendant is obligated to reimburse it for costs, disbursements, and attorneys' fees incurred in defending the main action, and substituting therefor a provision granting that branch of the motion; as so modified, the order dated January 30, 2015, is affirmed insofar as reviewed, and the matter is remitted to the Supreme Court, Suffolk County, for severance of the second third-party action and the entry of a judgment declaring that the second third-party defendant is obligated to reimburse the defendant third-party/second third-party plaintiff for costs, disbursements, and attorneys' fees incurred in defending the main action; and it is further,
ORDERED that one bill of costs is awarded to the third-party defendants, payable by the defendant third-party/second third-party plaintiff, and one bill of costs is awarded to the defendant third-party/second third-party plaintiff, payable by the second third-party defendant.
On February 3, 2009, the plaintiff allegedly was injured when she slipped and fell on ice in a parking lot on property owned by Medford Landing, L.P. (hereinafter Medford). The plaintiff commenced this action against Medford to recover damages for personal injuries. Thereafter, Medford commenced a third-party action against the third-party defendants, which provided snow removal services at the premises pursuant to a contract with Medford. The third-party complaint asserted, inter alia, causes of action based on contractual and common-law indemnification, as well as a cause of action sounding in breach of contract for failure to procure insurance naming Medford as an additional insured. Medford also commenced a second third-party action against NGM Insurance Company (hereinafter NGM), which issued a general liability insurance policy to the third-party defendants. Medford moved for summary judgment on the third-[*3]party causes of action for contractual indemnification, for common-law indemnification, and alleging breach of contract, and separately moved for summary judgment dismissing the complaint. Medford also separately moved for summary judgment declaring that it is an additional insured under the NGM policy, and that NGM is obligated to defend and indemnify it in the main action and to reimburse it for costs, disbursements, and attorneys' fees incurred in defending the main action.
In an order dated January 30, 2015, the Supreme Court, inter alia, denied Medford's motions for summary judgment on the third-party causes of action and for summary judgment dismissing the complaint. The court granted that branch of Medford's motion which was for summary judgment declaring that it is an additional insured under the NGM policy, but denied those branches of the motion which were for summary judgment declaring that NGM is obligated to defend and indemnify Medford in the main action and to reimburse it for costs, disbursements, and attorneys' fees incurred in defending the main action. The court explained that in light of triable issues of fact "as to the liability of Medford or [the third-party defendants], the Court cannot determine at this juncture whether the plaintiff's accident would be covered under the subject insurance policy." Medford appeals from the order, and the third-party defendants cross-appeal from the order.
Thereafter, Medford moved for leave to reargue its prior motions for summary judgment, and the third-party defendants moved for leave to reargue Medford's prior motion for summary judgment dismissing the complaint. In an order dated December 15, 2015, the Supreme Court denied the motions for leave to reargue. Medford appeals from the order dated December 15, 2015, and the third-party defendants cross-appeal from that order.
In a judgment entered August 30, 2016, upon a jury verdict in favor of Medford on the issue of liability, the Supreme Court dismissed the complaint. Medford appeals from the judgment.
In light of the dismissal of the main action, the appeal from so much of the order dated January 30, 2015, as denied that branch of Medford's motion which was for summary judgment on its third-party cause of action for contractual indemnification, except to the extent Medford sought to recover the costs, disbursements, and attorneys' fees incurred in defending the action, and denied that branch of Medford's separate motion which was for summary judgment declaring that NGM is obligated to defend and indemnify it in the main action should be dismissed as academic (see Payne v 100 Motor Parkway Assoc., LLC, 45 AD3d 550, 554; Hoover v International Bus. Machs. Corp., 35 AD3d 371, 372).
We agree with the Supreme Court's denial of that branch of Medford's motion which was for summary judgment on the third-party cause of action for contractual indemnification to the extent it sought to recover costs, disbursements, and attorneys' fees incurred in defending the main action. "Indemnification provisions are strictly construed, and the right to contractual indemnification depends upon the specific language of the contract" (Davis v Catsimatidis, 129 AD3d 766, 768). Medford failed to satisfy its prima facie burden with respect to that branch of the motion, since it failed to eliminate all triable issues of fact as to whether the plaintiff's accident arose out of, was connected with, or was a consequence of the performance of the third-party defendants' work, pursuant to the terms of the subject indemnification provision (see Caban v Plaza Constr. Corp., 153 AD3d 488, 490; Curreri v Heritage Prop. Inv. Trust, Inc., 48 AD3d 505, 507; Soto v Alert No. 1 Alarm Sys., 272 AD2d 466, 468).
However, the Supreme Court should have granted that branch of Medford's motion which was for summary judgment declaring that NGM is obligated to reimburse Medford for costs, disbursements, and attorneys' fees incurred in defending the main action. "An insurer's duty to defend is broader than the duty to indemnify and arises whenever the allegations of the complaint against the insured, liberally construed, potentially fall within the scope of the risks undertaken by the insurer" (Salt Constr. Corp. v Farm Family Cas. Ins. Co., 120 AD3d 568, 569; see Automobile Ins. Co. of Hartford v Cook, 7 NY3d 131, 137). "If any of the claims against an insured arguably arise from covered events, the insurer is required to defend the entire action" (Frank v Continental [*4]Cas. Co., 123 AD3d 878, 880). "An additional insured is entitled to the same coverage as if it were a named insured" (Chappaqua Cent. Sch. Dist. v Philadelphia Indem. Ins. Co., 148 AD3d 980, 982). Here, Medford established, prima facie, that the allegations in the complaint suggested a reasonable possibility of coverage (see Pinon v 99 Lynn Ave., LLC, 124 AD3d 746, 748; Stellar Mech. Servs. of N.Y., Inc. v Merchants Ins. of N.H., 74 AD3d 948, 952). In opposition, NGM failed to raise a triable issue of fact as to whether the accident arose from Medford's independent acts so as to preclude coverage under the NGM policy, since there is no requirement that liability must be determined before an additional insured is entitled to a defense (see BP A.C. Corp. v One Beacon Ins. Group, 8 NY3d 708, 715). Further, there is no merit to NGM's contention that the subject policy provided only excess insurance coverage to Medford. The NGM policy was written as primary coverage for the third-party defendants and added Medford as an additional insured, which entitles Medford to the same coverage rights as the primary insured (see Mack-Cali Realty Corp. v NGM Ins. Co., 119 AD3d 905, 908).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Since the second third-party action sought a declaratory judgment, we remit the matter to the Supreme Court, Suffolk County, for severance of the second third-party action and the entry of a judgment declaring that NGM is obligated to reimburse Medford for costs, disbursements, and attorneys' fees incurred in defending the main action (see Lanza v Wagner, 11 NY2d 317).
BALKIN, J.P., LEVENTHAL, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court