Sammy v First Am. Tit. Ins. Co. (2022 NY Slip Op 03266)

Sammy v First Am. Tit. Ins. Co.

2022 NY Slip Op 03266

Decided on May 18, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2019-12720
 (Index No. 24400/08)

[*1]Vanessa Sammy, appellant-respondent,
v
First American Title Insurance Company, et al., respondents-appellants, Robert Tambini, respondent.

Duru Associates, PLLC, Kew Gardens, NY (Okechukwu A. Duru and Angel Rodriguez, Jr., of counsel), for appellant-respondent.
Butler Fitzgerald Fiveson & McCarthy, P.C., New York, NY (David K. Fiveson of counsel), for respondent-appellant First American Title Insurance Company.
Paykin Kreig & Adams, LLP, Purchase, NY (Joseph N. Paykin and Diana M. Malave of counsel), for respondent-appellant Expedient Title, Inc., and respondent Robert Tambini.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of a title insurance policy, the plaintiff appeals, the defendant First American Title Insurance Company cross-appeals, and the defendant Expedient Title, Inc., separately cross-appeals, from an order of the Supreme Court, Queens County (David Elliot, J.), entered October 8, 2019. The order, insofar as appealed from, (1) granted that branch of the motion of the defendants Expedient Title, Inc., and Robert Tambini, and that branch of the separate motion of the defendant First American Title Insurance Company, which were for summary judgment dismissing so much of the cause of action to recover damages for breach of the duty to defend insofar as asserted against the defendants Expedient Title, Inc., and First American Title Insurance Company, respectively, as sought to recover defense costs incurred by the plaintiff on or after May 21, 2013, in an action entitled South Ozone Park Realty Holdings Corp. v Sammy, commenced in the Supreme Court, Queens County, under Index No. 1214/08, (2) denied those branches of the plaintiff's cross motion which were for summary judgment on the causes of action to recover damages for (a) breach of the duty to defend insofar as asserted against the defendant First American Title Insurance Company as alleged a breach of the duty to defend in the action entitled South Ozone Park Realty Holdings Corp. v Sammy, commenced in the Supreme Court, Queens County, under Index No. 1214/08, and in an action entitled Countrywide Home Loans, Inc. v Sammy, commenced in the Supreme Court, Queens County, under Index No. 7693/08, (b) breach of a title insurance policy and negligence insofar as asserted against the defendant Expedient Title, Inc., and (c) conversion against all defendants, and (3) denied that branch of the plaintiff's cross motion which was pursuant to CPLR 8303(a) and 22 NYCRR 130-1.1 to impose sanctions upon the defendants and their respective attorneys. The order, insofar as cross-appealed from by the defendant First American Title Insurance Company, denied that branch of that defendant's motion which was for summary judgment dismissing the cause of action to recover damages for conversion insofar as asserted against it.
ORDERED that the cross appeal by the defendant Expedient Title, Inc., is dismissed as abandoned; and it is further,
ORDERED that the order is modified, on the law, by (1) deleting the provision thereof denying that branch of the plaintiff's cross motion which was for summary judgment on so much of the cause of action to recover damages for breach of the duty to defend insofar as asserted against the defendant First American Title Insurance Company as sought to recover defense costs incurred by the plaintiff before May 21, 2013, in an action entitled South Ozone Park Realty Holdings Corp. v Sammy, commenced in the Supreme Court, Queens County, under Index No. 1214/08, and substituting therefor a provision granting that branch of the plaintiff's cross motion, and (2) deleting the provision thereof denying that branch of the plaintiff's cross motion which was for summary judgment on the cause of action to recover damages for negligence insofar as asserted against the defendant Expedient Title, Inc., and substituting therefor a provision granting that branch of the plaintiff's cross motion; as so modified, the order is affirmed insofar as appealed from and as cross-appealed from by the defendant First American Title Insurance Company; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff, payable by the defendant First American Title Insurance Company.
On or about March 16, 2007, the plaintiff entered into a contract to purchase certain real property located in Queens (hereinafter the subject property) from nonparty Astenie Sainvil. The closing for the subject property took place on May 31, 2007, at which time the plaintiff purchased a title insurance policy issued by the defendant Expedient Title, Inc. (hereinafter Expedient), as agent for the defendant First American Title Insurance Company (hereinafter First American), from the defendant Robert Tambini, an officer of Expedient who prepared the title insurance commitment. In connection with her purchase of the subject property the plaintiff borrowed the sum of $570,000 from nonparty Countrywide Home Loans, Inc. (hereinafter Countrywide), secured by a mortgage in favor of Countrywide encumbering the subject property. At the closing, the plaintiff delivered to Expedient (1) a deed memorializing the conveyance of the subject property from Sainvil to the plaintiff to be recorded in the Office of the City Register of the City of New York (hereinafter the plaintiff's deed), and (2) approximately $519,000 to be held in escrow and used to satisfy two existing mortgages encumbering the subject property (hereinafter the escrow funds). On October 30, 2007, a deed dated September 28, 2007, memorializing the conveyance of the subject property from Sainvil to nonparty South Ozone Park Realty Holdings Corp. (hereinafter South Ozone), was recorded. The plaintiff's deed was not recorded until December 6, 2007.
In January 2008, South Ozone commenced an action entitled South Ozone Park Realty Holdings Corp. v Sammy, in the Supreme Court, Queens County, under Index No. 1214/08 (hereinafter the South Ozone action), against the plaintiff, among others, to quiet title to the subject property. In March 2008, Countrywide commenced an action entitled Countrywide Home Loans, Inc. v Sammy, in the Supreme Court, Queens County, under Index No. 7693/08 (hereinafter the Countrywide action), against the plaintiff, among others, to foreclose its mortgage on the subject property. Countrywide alleged in the Countrywide action that the plaintiff had defaulted on her obligations under the mortgage on September 1, 2007, and thereafter.
In October 2008, the plaintiff commenced this action against the defendants. The complaint alleged, inter alia, that the defendants failed to timely record the plaintiff's deed, failed to use the escrow funds to pay off the existing mortgages encumbering the subject property, made three unauthorized wire transfers totaling $50,030 from the escrow funds to certain nonparties, and breached their duty to defend the plaintiff in the South Ozone action and the Countrywide action. The complaint sought to recover damages for breach of the title insurance policy and negligence based upon the defendants' failure to timely record the deed or to use the escrow funds to pay off the existing mortgages encumbering the subject property. The plaintiff also sought to recover damages for the defendants' alleged breach of their duty to defend her in the South Ozone action and the Countrywide action, and for conversion based upon the defendants' failure to use the escrow funds to pay off the existing mortgages and their transfer of $50,030 of the escrow funds to nonparties.
Following discovery, Expedient and Tambini moved, among other things, for summary judgment dismissing the causes of action to recover damages for breach of the title insurance policy, negligence, and conversion insofar as asserted against them, and breach of the duty to defend insofar as asserted against Expedient. First American separately moved for summary judgment dismissing the causes of action to recover damages for breach of the title insurance policy, negligence, conversion, and breach of the duty to defend insofar as asserted against it. The plaintiff opposed both motions, and cross-moved for summary judgment on the complaint and pursuant to CPLR 8303(a) and 22 NYCRR 130-1.1 to impose sanctions upon the defendants and their respective attorneys. In an order entered October 8, 2019, the Supreme Court, inter alia, granted those branches of the defendants' respective motions which were for summary judgment dismissing so much of the cause of action to recover damages for breach of the duty to defend insofar as asserted against Expedient and First American as sought to recover defense costs incurred by the plaintiff in the South Ozone action on or after May 21, 2013, denied that branch of First American's motion which was for summary judgment dismissing the cause of action to recover damages for conversion insofar as asserted against it, and denied the plaintiff's cross motion. The plaintiff appeals, and First American and Expedient separately cross-appeal.
The cross appeal by Expedient must be dismissed as abandoned, as the brief filed by Expedient and Tambini does not request reversal of any portion of the order entered October 8, 2019 (see Burke v Newburgh Enlarged City Sch. Dist., 195 AD3d 674, 677).
Contrary to the plaintiff's contention, the Supreme Court properly granted those branches of the defendants' respective motions which were for summary judgment dismissing so much of the cause of action to recover damages for breach of the duty to defend insofar as asserted against Expedient and First American as sought to recover defense costs incurred by the plaintiff in the South Ozone action on or after May 21, 2013. "A duty to defend is triggered by the allegations contained in the underlying complaint" (BP A.C. Corp. v One Beacon Ins. Group, 8 NY3d 708, 714; see Cumberland Farms, Inc. v Tower Group, Inc., 137 AD3d 1068, 1070), and such duty is "exceedingly broad" (Colon v Aetna Life & Cas. Ins. Co., 66 NY2d 6, 8; see Automobile Ins. Co. of Hartford v Cook, 7 NY3d 131, 137). "An insurer's duty to defend is broader than the duty to indemnify and arises whenever the allegations of the complaint against the insured, liberally construed, potentially fall within the scope of the risks undertaken by the insurer" (Salt Constr. Corp. v Farm Family Cas. Ins. Co., 120 AD3d 568, 569; see Cumberland Farms, Inc. v Tower Group, Inc., 137 AD3d at 1070; Barkan v New York Schools Ins. Reciprocal, 65 AD3d 1061, 1063). If any of the claims against the insured arguably arise from covered events, the insurer is required to defend the entire action, and the duty remains "even though facts outside the four corners of [the] pleadings indicate that the claim may be meritless or not covered" (Fitzpatrick v American Honda Motor Co., 78 NY2d 61, 63; see Cumberland Farms, Inc. v Tower Group, Inc., 137 AD3d at 1070). Nonetheless, "an insurer can be relieved of its duty to defend if it establishes as a matter of law that there is no possible factual or legal basis on which it might eventually be obligated to indemnify its insured under any policy provision" (Allstate Ins. Co. v Zuk, 78 NY2d 41, 45; see Cumberland Farms, Inc. v Tower Group, Inc., 137 AD3d at 1070; Salt Constr. Corp. v Farm Family Cas. Ins. Co., 120 AD3d at 569).
"To be relieved of its duty to defend on the basis of a policy exclusion, the insurer bears the heavy burden of demonstrating that the allegations of the complaint [in the underlying action] cast the pleadings wholly within that exclusion, that the exclusion is subject to no other reasonable interpretation, and that there is no possible factual or legal basis upon which the insurer may eventually be held obligated to indemnify the insured under any policy provision" (Frontier Insulation Contrs. v Merchants Mut. Ins. Co., 91 NY2d 169, 175; see 492 Kings Realty, LLC v 506 Kings, LLC, 88 AD3d 941, 943; Exeter Bldg. Corp. v Scottsdale Ins. Co., 79 AD3d 927, 929).
Here, the allegations in the complaint in the South Ozone action potentially give rise to a claim covered by the plaintiff's title insurance policy (see East Ramapo Cent. Sch. Dist. v New York Schs. Ins. Reciprocal, 150 AD3d 683, 685; Pinon v 99 Lynn Ave., LLC, 124 AD3d 746, 748). However, the defendants established, prima facie, that Exclusion 3(a) of the title insurance policy applied to bar coverage in the South Ozone action for defense costs incurred by the plaintiff on or [*2]after May 21, 2013 (see Queens Org., LLC v First Am. Tit. Ins. Co., 172 AD3d 932, 933; Northfield Insurance Company v Golob, 164 AD3d 682, 683; Plaza Home Mtge., Inc. v Fidelity Natl. Tit. Ins. Co., 145 AD3d 1048, 1048-1049). Exclusion 3(a) expressly excludes coverage for "[d]efects, liens, encumbrances, adverse claims, or other matters" that are "created, suffered, assumed, or agreed to by the Insured Claimant" (emphasis added). In support of their respective motions, the defendants submitted an affidavit executed by the plaintiff in connection with the South Ozone action dated May 21, 2013, in which she stated that she has "no objection" to South Ozone's claim to title of the subject property, and "no longer ha[s] any claim against [South Ozone] with regard to their ownership of the property" (hereinafter the May 21, 2013 affidavit). This evidence was sufficient to establish, prima facie, that on May 21, 2013, the plaintiff agreed to the adverse claim asserted against her in the South Ozone action. The duty to defend in the South Ozone action therefore falls within Exclusion 3(a) of the title insurance policy as of that date.
In opposition to the defendants' respective prima facie showings, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, her affidavit dated August 29, 2019, which she submitted in opposition to the defendants' motions, presented a feigned issue of fact regarding the validity of the May 21, 2013 affidavit, and was therefore insufficient to defeat the defendants' prima facie showings (see Rooney v Garberg, 167 AD3d 793, 795; Abramov v Miral Corp., 24 AD3d 397, 398). Accordingly, the Supreme Court properly granted those branches of the defendants' respective motions which were for summary judgment dismissing so much of the cause of action to recover damages for breach of the duty to defend insofar as asserted against Expedient and First American as sought to recover defense costs incurred by the plaintiff in the South Ozone action on or after May 21, 2013.
However, the Supreme Court should have granted that branch of the plaintiff's cross motion which was for summary judgment on so much of the cause of action to recover damages for breach of the duty to defend as alleged that First American breached its duty to defend the plaintiff in the South Ozone action before May 21, 2013. In opposition to the plaintiff's prima facie showing that the allegations in the complaint in the South Ozone action potentially give rise to a claim covered by the plaintiff's title insurance policy (see East Ramapo Cent. Sch. Dist. v New York Schs. Ins. Reciprocal, 150 AD3d at 685), First American failed to meet its heavy burden of demonstrating that, prior to the plaintiff's execution of the May 21, 2013 affidavit, the allegations in the South Ozone complaint cast the pleadings wholly within a policy exclusion and that there is no possible factual or legal basis upon which First American was obligated to defend the plaintiff under any policy provision in the South Ozone action (see Pinon v 99 Lynn Ave., LLC, 124 AD3d at 748; Salt Constr. Corp. v Farm Family Cas. Ins. Co., 120 AD3d at 569; Barkan v New York Schools Ins. Reciprocal, 65 AD3d at 1064; Medrano v State Farm Fire & Cas. Co., 54 AD3d 662, 664; Staten Is. Molesi Social Club, Inc. v Nautilus Ins. Co., 39 AD3d 843, 845; Almar, Inc. v Utica Mut. Ins. Co., 280 AD2d 624, 625).
The Supreme Court properly denied that branch of the plaintiff's cross motion which was for summary judgment on so much of the cause of action to recover damages for breach of the duty to defend as alleged that First American breached its duty to defend the plaintiff in the Countrywide action. The plaintiff failed to establish, prima facie, that the allegations of the complaint in the Countrywide action potentially give rise to a claim covered by the policy (see Rinaldi v Wakmal, 183 AD3d 652; Republic Long Is., Inc. v Andrew J. Vanacore, Inc., 29 AD3d 665; Belsito v State Farm Mut. Ins. Co., 27 AD3d 502, 502-503).
The Supreme Court properly denied that branch of the plaintiff's cross motion which was for summary judgment on the cause of action to recover damages for conversion. "'In order to establish a cause of action to recover damages for conversion, the plaintiff must show legal ownership or an immediate superior right of possession to a specific identifiable thing and must show that the defendant exercised an unauthorized dominion over the thing in question . . . to the exclusion of the plaintiff's rights'" (Nugent v Hubbard, 130 AD3d 893, 895, quoting Mackey Reed Elec., Inc. v Morrone & Assoc., P.C., 125 AD3d 822, 824). Here, in support of her cross motion, the plaintiff submitted an affidavit in which she stated that, at the closing, the defendants took possession of the "sale proceeds" in the amount of $519,000, which amount "was intended to be [*3]used to pay-off existing mortgage notes," and that the defendants failed to use the sale proceeds to pay off the mortgage notes and instead made three disbursements from the escrow funds to nonparties. This evidence failed to establish, prima facie, that the plaintiff, as the purchaser of the subject property, had legal ownership or an immediate superior right of possession to the escrow funds, which she described as "sale proceeds" (see Angé v Holley-Angé, 121 AD3d 595, 596; see also Eight In One Pet Prods. v Janco Press, Inc., 37 AD3d 402, 403; Castaldi v 39 Winfield Assoc., 30 AD3d 458, 459).
The Supreme Court erred in denying that branch of First American's motion which was for summary judgment dismissing the cause of action to recover damages for conversion insofar as asserted against it based on the application of the law of the case doctrine (see Flatbush Two, LLC v Morales, 190 AD3d 826, 827). Nevertheless, on the merits, that branch of First American's motion was properly denied. The evidence submitted by First American in support of its motion similarly failed to establish, prima facie, that the plaintiff did not have legal ownership or an immediate superior right to the escrow funds, which were tendered to Expedient as an agent of First American, or that First American did not exercise unauthorized dominion over those funds in failing to use them to pay off the existing mortgages encumbering the subject property (see Schwartz v Sayah, 72 AD3d 790, 791; cf. Smallwood v Lupoli, 107 AD3d 782, 785; National Ctr. for Crisis Mgt., Inc. v Lerner, 91 AD3d 920, 921).
The Supreme Court properly denied that branch of the plaintiff's cross motion which was for summary judgment on the cause of action to recover damages for breach of the title insurance policy insofar as asserted against Expedient. To establish her prima facie entitlement to judgment as a matter of law on this cause of action, the plaintiff was required to demonstrate the existence of a contract between her and Expedient, the plaintiff's performance under the contract, Expedient's breach of the contract, and that the plaintiff suffered harm as a result (see JP Morgan Chase v J.H. Elec. of N.Y., Inc., 69 AD3d 802, 803). Here, the title insurance policy was issued by Expedient as an agent for First American, and is by and between First American, as insurer, and the plaintiff, as insured. Thus, the plaintiff failed to establish the existence of a contract between the plaintiff and Expedient (see Victory State Bank v EMBA Hylan, LLC, 169 AD3d 963, 965; see also Fontanelli v Hanover Ins. Co., 48 AD3d 413, 413-414; cf. Bedessee Imports, Inc. v Cook, Hall & Hyde, Inc., 45 AD3d 792, 793).
The Supreme Court should have granted that branch of the plaintiff's cross motion which was for summary judgment on the cause of action to recover damages for negligence insofar as asserted against Expedient. "To establish a cause of action sounding in negligence, a plaintiff must establish the existence of a duty on defendant's part to plaintiff, breach of the duty and damages" (Greenberg, Trager & Herbst, LLP v HSBC Bank USA, 17 NY3d 565, 576; see Akins v Glens Falls City School Dist., 53 NY2d 325, 333). Here, the plaintiff established, prima facie, that Expedient assumed a duty to her to timely record the deed executed by the plaintiff in connection with her purchase of the subject property, and to hold the escrow funds in order to satisfy the two existing mortgages encumbering the subject property (see Choudhary v First Option Tit. Agency, 107 AD3d 657, 658-659; Surace v Commonwealth Land Tit. Ins. Co., 62 AD3d 861, 862; Gem Servs. of N.Y., Inc. v United Gen. Tit. Ins. Co., 28 AD3d 516; Cruz v Commonwealth Land Tit. Ins. Co., 157 AD2d 333, 336). The plaintiff further established that Expedient breached those duties by failing to timely record the deed, and by failing to use the escrow funds to satisfy the two existing mortgages encumbering the subject property. In opposition to the plaintiff's prima facie showing, Expedient failed to raise a triable issue of fact (see Surace v Commonwealth Land Tit. Ins. Co., 62 AD3d at 862).
The parties' remaining contentions are without merit.
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court