■ In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v ALEGRET GUILLAUME, Respondent. STATE FARM INSURANCE COMPANY et al., Proposed Additional Respondents. [804 NYS2d 761]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from an order of Supreme Court, Kings County (Marano, J.H.O.), dated November 26, 2004, which, after a hearing, denied the petition.

Ordered, that the order is affirmed with costs.

The petitioner, Allstate Insurance Company (hereinafter All-state), issued an automobile insurance policy to the respondent, Alegret Guillaume, who was involved in a motor vehicle accident on May 10, 2003, with an automobile owned and operated by Michael Lespinasse. State Farm Insurance Company (hereinafter State Farm) issued an automobile insurance policy to Lespinasse which was in effect on the date of the accident. However, State Farm disclaimed coverage to Lespinasse based upon his alleged failure to cooperate with the investigation of the claim in accordance with the terms of the policy. Following a hearing, the Supreme Court determined that State Farm had demonstrated noncompliance by its insured and denied the petition.

"An insurer who seeks to disclaim coverage on the ground of noncooperation must demonstrate that it acted diligently in seeking to bring about the insured's co-operation . . . that the efforts employed by the insurer were reasonably calculated to obtain the insured's co-operation . . . and that the attitude of the insured, after his [or her] cooperation was sought, was one of willful and avowed obstruction" (*Matter of Metlife Auto & Home v Burgos*, 4 AD3d 477 [2004] [internal quotation marks and citations omitted]; *see Thrasher v United States Liab. Ins. Co.*, 19 NY2d 159, 168-169 [1967]; *Coleman v New Amsterdam Cas. Co.*, 247 NY 271, 276 [1928]; *State Farm Fire & Cas. Co. v Imeri*, 182 AD2d 683 [1992]).

State Farm demonstrated that it met the requirements set forth in *Thrasher v United States Liab. Ins. Co. (supra)* to disclaim coverage on the ground of lack of cooperation of its insured, Lespinasse (*see Allstate Ins. Co. v United Intl. Ins. Co.*, 16 AD3d 605 [2005], *lv denied* 5 NY3d 708 [2005]). Accordingly, the Lespinasse vehicle was uninsured and, as such, the Supreme Court properly denied the petition to permanently stay arbitration of the claim for uninsured motorist benefits. Adams, J.P., Luciano, Skelos and Lifson, JJ., concur.