In the Matter of STATE-WIDE INSURANCE COMPANY, Appellant, v CHENANA LUNA et al., Respondents, and STATE FARM FIRE & CASUALTY COMPANY, Respondent. [889 NYS2d 488]—

Contrary to the petitioner's contention, State Farm Fire & Casualty Company established that it properly disclaimed coverage under its insured's insurance policy on the ground of

noncooperation by demonstrating that it acted diligently in seeking to bring about its insured's cooperation, that its efforts were reasonably calculated to obtain its insured's cooperation, and that the attitude of its insured, after the cooperation of its insured was sought, was one of "willful and avowed obstruction" (*Thrasher v United States Liab. Ins. Co.*, 19 NY2d 159, 168 [1967]; *see State Farm Fire & Cas. Co. v Imeri*, 182 AD2d 683, 683-684 [1992]). Accordingly, the Supreme Court properly denied the petition and directed the parties to proceed to arbitration (*see Matter of Allstate Ins. Co. v Guillaume*, 23 AD3d 379, 380 [2005]).

The petitioner's remaining contentions are without merit. Prudenti, P.J., Skelos, Covello and Austin, JJ., concur.