■ MISTER MONEY ISRAEL, LTD., et al., Appellants, v ABRAHAM LEIBOWITZ, Respondent. [953 NYS2d 896]—

In an action to enforce a foreign judgment, brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiffs appeal from an order of the Supreme Court, Kings County (Bayne, J.), dated June 3, 2011, which denied their motion for summary judgment and, thereupon, directed the dismissal of the action.

Ordered that the order is modified, on the law, by deleting the provision thereof directing the dismissal of the action, and substituting therefor a provision deeming the moving and answering papers on the plaintiffs' motion for summary judgment in lieu of complaint to be the complaint and answer, respectively; as so modified, the order is affirmed, without costs or disbursements.

The plaintiffs commenced this action to enforce a foreign judgment by filing a summons with notice of motion for summary judgment in lieu of complaint pursuant to CPLR 3213. The Supreme Court properly denied the plaintiffs' motion. In opposition to the plaintiffs' prima facie showing of their entitlement to judgment as a matter of law, the defendant raised a triable issue of fact as to whether the foreign court had personal jurisdiction over him (*see* CPLR 5304 [2]; *John Galliano, S.A. v Stallion, Inc.*, 15 NY3d 75, 80 [2010], *cert denied* 562 US —, 131 S Ct 288 [2010]).

However, since there exists a triable issue of fact as to whether the foreign court had personal jurisdiction over the defendant, instead of dismissing the action, the Supreme Court should have deemed the moving and answering papers to the plaintiffs' motion to be the complaint and answer, respectively (*see* CPLR 3213; *Frankini v Landmark Constr. of Yonkers, Inc.*, 91 AD3d 593, 595 [2012]; *Lugli v Johnston*, 78 AD3d 1133, 1133-1135 [2010]; *Cadle Co. v Ayala*, 47 AD3d 919, 920 [2008]; *cf. Schulz v Barrows*, 94 NY2d 624, 628-629 [2000]). Mastro, J.P., Rivera, Chambers and Lott, JJ., concur.