■ WEST STREET PROPERTIES, LLC, Respondent, v AMERICAN STATES INSURANCE COMPANY et al., Appellants, et al., Defendant. [3 NYS3d 58]—

In an action pursuant to Insurance Law § 3420 (a) (2) to recover the amount of an unsatisfied judgment against the defendants, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendants American States Insurance Company, Liberty Mutual Insurance Group, and Safeco Insurance Company of America appeal from (1) so much of an order of the Supreme Court, Westchester County

(Lefkowitz, J.), dated October 5, 2012, as denied their cross motion for summary judgment dismissing the action insofar as asserted against them, and (2) an order of the same court, dated May 13, 2013, which denied their motion for leave to renew and reargue their cross motion.

Ordered that the order dated October 5, 2012, is modified, on the law, by deleting the provisions thereof denying those branches of the cross motion of the defendants American States Insurance Company, Liberty Mutual Insurance Group, and Safeco Insurance Company of America which were for summary judgment dismissing the action insofar as asserted against Liberty Mutual Insurance Group and Safeco Insurance Company of America, and substituting therefor provisions granting those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that the appeal from so much of the order dated May 13, 2013, as denied that branch of the motion of the defendants American States Insurance Company, Liberty Mutual Insurance Group, and Safeco Insurance Company of America which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the appeal from so much of the order dated May 13, 2013, as denied that branch of the motion of the defendants American States Insurance Company, Liberty Mutual Insurance Group, and Safeco Insurance Company of America which was for leave to renew those branches of their cross motion which were for summary judgment dismissing the action insofar as asserted against Liberty Mutual Insurance Group and Safeco Insurance Company of America are dismissed as academic in light of our determination on the appeal from the order dated October 5, 2012; and it is further,

Ordered that the order dated May 13, 2013, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendants Liberty Mutual Insurance Group and Safeco Insurance Company of America, payable by the plaintiff, and one bill of costs is awarded to the plaintiff, payable by the defendant American States Insurance Company.

The plaintiff commenced this action by motion for summary judgment in lieu of complaint pursuant to CPLR 3213 against the defendants American States Insurance Company (hereinafter American States), Liberty Mutual Insurance Group (hereinafter Liberty), Safeco Insurance Company of America (hereinafter Safeco), and Scottsdale Insurance Company (hereinafter Scottsdale). The plaintiff sought to recover on a judgment it

obtained in an underlying action entitled *West St. Props., LLC v A&A Indus., LLC*, commenced in the Supreme Court, Westchester County, under index No. 09/14364, based on an oil spill on real property owned by the plaintiff. American States and Scottsdale had issued commercial liability policies to the defendants in the underlying action.

As pertinent to these appeals, American States, Liberty, and Safeco (hereinafter collectively the American States defendants) cross-moved for summary judgment dismissing the action insofar as asserted against them. The Supreme Court, by an order dated October 5, 2012, among other things, denied the cross motion. The American States defendants then moved for leave to renew and reargue their cross motion, and by order dated May 13, 2013, the motion was denied. The American States defendants appeal from so much of the order dated October 5, 2012, as denied their cross motion for summary judgment dismissing the action insofar as asserted against them and from the order denying their motion for leave to renew and reargue their cross motion.

The Supreme Court properly denied that branch of the American States defendants' cross motion which was for summary judgment dismissing the action insofar as asserted against American States. Contrary to the American States defendants' contention, the plaintiff was not collaterally estopped from commencing this direct action against American States based upon the outcome of a separate declaratory judgment action. American States prevailed in that declaratory judgment action against the defendants in the underlying action, as reflected in an order of the Supreme Court, Westchester County (Liebowitz, J.), dated December 22, 2011, and an order of the same court (Colabella, J.), dated June 27, 2012, which determined that American States is not obligated to defend and indemnify the defendants in the underlying action. However, those orders were entered upon the underlying defendants' default, and thus, did not collaterally estop the plaintiff from bringing the instant, direct action against American States pursuant to Insurance Law § 3420 (a) (2) (*see Zimmerman v Tower Ins. Co. of N.Y.*, 13 AD3d 137, 140 [2004]; *see generally D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664 [1990]).

Further, American States defendants failed to demonstrate, prima facie, that American States properly disclaimed coverage of the underlying defendants' claim pursuant to the subject policy. The noncooperation of an insured party in the defense of an action is a ground upon which an insurer may deny coverage, and may be asserted by the insurer as a defense in an ac-

tion on a judgment by an injured party pursuant to Insurance Law § 3420 (a) (2) (*see Van Gordon v Otsego Mut. Fire Ins. Co.*, 232 AD2d 405, 406 [1996]). In order to establish a proper disclaimer based on its insured's alleged noncooperation, an insurer is required to demonstrate that "it acted diligently in seeking to bring about its insured's cooperation, that its efforts were reasonably calculated to obtain its insured's cooperation, and that the attitude of its insured, after the cooperation of its insured was sought, was one of 'willful and avowed obstruction' " (*Matter of State-Wide Ins. Co. v Luna*, 68 AD3d 882, 883 [2009], quoting *Thrasher v United States Liab. Ins. Co.*, 19 NY2d 159, 168 [1967]; *see Matter of AutoOne Ins. Co. v Hutchinson*, 71 AD3d 1011, 1013 [2010]). The insurer has a "heavy" burden of proving lack of cooperation (*Thrasher v United States Liab. Ins. Co.*, 19 NY2d at 168). Here, the submissions of the American States defendants were insufficient to sustain their prima facie burden on the cross motion for summary judgment, with respect to American States. Accordingly, the Supreme Court should have denied that branch of the American States defendants' cross motion which was for summary judgment dismissing the action insofar as asserted against American States, regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Contrary to the contention of the American States defendants, the Supreme Court did not err when, upon denying the plaintiff's motion pursuant to CPLR 3213, it deemed the plaintiff's motion to be a complaint and the American States defendants' cross motion and supporting papers to be answers (*see* CPLR 3213; *Rodrigues v Samaras*, 117 AD3d 1022, 1024 [2014]; *Mister Money Israel, Ltd. v Leibowitz*, 100 AD3d 842, 843 [2012]).

The Supreme Court erred in denying that branch of the American States defendants' cross motion which was for summary judgment dismissing the action insofar as asserted against Liberty and Safeco. Liberty and Safeco demonstrated, prima facie, that they did not issue the subject policy and were not responsible for payment of claims under the policy. In opposition, the plaintiff failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

In its order dated May 13, 2013, the Supreme Court properly denied, on the merits, that branch of the American States defendants' motion which was for leave to renew that branch of their cross motion which was for summary judgment dismissing the action insofar as asserted against American States. The American States defendants did not provide new facts or new

law that would change the court's prior determination (*see* CPLR 2221 [e] [3]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Mastro, J.P., Austin, Maltese and Barros, JJ., concur.