■ IRA STIER, DDS, P.C., et al., Appellants, v MERCHANTS INSURANCE GROUP et al., Respondents. [7 NYS3d 365]—

In an action to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Brands, J.), dated January 22, 2013, as granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging loss of business income.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs own a single-family home in Poughkeepsie, which they utilize as a dental office (hereinafter the premises). The plaintiffs purchased a business owners insurance policy from the defendants (hereinafter collectively the Merchants defendants) for the premises, which included coverage for loss of business income resulting from a covered cause of loss. However, the policy excluded coverage for any loss caused by the enforcement of any ordinance or law regulating the construction, use, or repair of any property.

In January 2007, vandals broke a window at the premises and caused extensive damage to the premises by inserting a garden hose through the broken window, causing the main floor to flood and the ceiling of the basement to collapse. On the morning of the incident, a building inspector with the Town of Poughkeepsie Building Department responded to the scene and discovered that the premises did not have a proper certificate of occupancy and, on January 5, 2007, issued the plaintiffs an order to remedy violation. The plaintiffs were told they would not be permitted to re-open until a certificate of occupancy was obtained. Eleven months later, the plaintiffs' dental practice reopened.

More than four years after the date of loss, the Merchants defendants disclaimed the portion of the plaintiffs' claim which was for the loss of business income, on the basis that the period of time when the dental office was closed was caused by the enforcement of the building code by the Town's Building Department, rendering the loss excluded pursuant to the policy.

The Supreme Court granted that branch of the Merchants defendants' motion which was for summary judgment dismissing the cause of action alleging loss of business income. The plaintiffs appeal. We affirm.

An insurer's delay in giving notice of disclaimer of coverage, even if unreasonable, will not estop the insurer from disclaiming unless the insured has suffered prejudice from the delay (see *O'Dowd v American Sur. Co. of N.Y.*, 3 NY2d 347, 355 [1957]; *Only Natural, Inc. v Realm Natl. Ins. Co.*, 37 AD3d 436, 439 [2007]; *Legum v Allstate Ins. Co.*, 33 AD3d 670 [2006]; *Incorporated Vil. of Pleasantville v Calvert Ins. Co.*, 204 AD2d 689, 690 [1994]; *see also Vecchiarelli v Continental Ins. Co.*, 277 AD2d 992, 993 [2000]; *Fairmont Funding v Utica Mut. Ins. Co.*, 264 AD2d 581, 581-582 [1999]). Since the record reveals no such prejudice, nor is any such prejudice alleged by the plaintiffs, the Merchants defendants established, prima facie,

that the disclaimer was effective (*see Only Natural, Inc. v Realm Natl. Ins. Co.*, 37 AD3d at 439). In opposition, the plaintiffs failed to raise a triable issue of fact.

Moreover, the policy of insurance here clearly and unambiguously excludes coverage for losses caused directly or indirectly by the enforcement of any ordinance or law regulating the construction, use, or repair of any property. This provision excludes coverage for losses, including business income losses, caused by the enforcement of the law and, here, it was the enforcement of the Building Code by the Town's Building Department which prevented the plaintiff from utilizing the premises to engage in their dental business without a proper certificate of occupancy (*see Morales v Allcity Ins. Co.*, 275 AD2d 736 [2000]). Accordingly, the Merchants defendants established, prima facie, that they properly disclaimed, as excluded under the terms of the policy, the loss of business income claim. In opposition, the plaintiffs failed to raise a triable issue of fact.

The plaintiffs' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging loss of business income. Rivera, J.P., Dickerson, Chambers and Barros, JJ., concur.