■ CUMBERLAND FARMS, INC., Respondent-Appellant, v TOWER GROUP, INC., et al., Appellants-Respondents, et al., Defendant. [28 NYS3d 119]——

In an action, inter alia, for a judgment declaring that the defendants Tower Group, Inc., Tower Group Companies, and Mountain Valley Indemnity Company are obligated to defend and indemnify the plaintiff in an underlying action entitled Zevlakis v Cumberland Farms, Inc., pending in the Supreme Court, Queens County, under index No. 13371/10, the defendants Tower Group, Inc., Tower Group Companies, and Mountain Valley Indemnity Company appeal from so much of an order of the Supreme Court, Queens County (Lane, J.), dated June 10, 2014, as denied their motion, in effect, for summary judgment declaring that they are not obligated to defend or indemnify the plaintiff in the underlying action, and the plaintiff cross-appeals from so much of the same order as denied those branches of its cross motion which were for summary judgment declaring that the defendant Mountain Valley Indemnity Company is obligated to defend and indemnify it in the underlying action and dismissing the affirmative defenses of

the defendants Tower Group, Inc., Tower Group Companies, and Mountain Valley Indemnity Company, or, in the alternative, for leave to amend the complaint to assert a cause of action for reformation of the subject insurance policy.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion of the defendants Tower Group, Inc., Tower Group Companies, and Mountain Valley Indemnity Company which was, in effect, for summary judgment declaring that the defendants Tower Group, Inc., and Tower Group Companies are not obligated to defend and indemnify the plaintiff in the underlying action, and substituting therefor a provision granting that branch of the motion, (2) by deleting the provision thereof denying those branches of the plaintiff's cross motion which were for summary judgment declaring that the defendant Mountain Valley Indemnity Company is obligated to defend and indemnify it in the underlying action and dismissing the affirmative defenses of the defendants Tower Group, Inc., Tower Group Companies, and Mountain Valley Indemnity Company, and substituting therefor a provision granting those branches of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that the defendant Mountain Valley Indemnity Company is obligated to defend and indemnify the plaintiff in the underlying action, and the defendants Tower Group, Inc., and Tower Group Companies are not obligated to defend and indemnify the plaintiff in the underlying action.

In 2008, Antonios Zevlakis allegedly was injured when he tripped and fell on a sidewalk outside a gas station operated by Noori Auto & Fuel, Inc. (hereinafter Noori), pursuant to franchise and lease agreements with Cumberland Farms, Inc. (hereinafter Cumberland). Noori had an insurance policy with Mountain Valley Indemnity Company (hereinafter Mountain Valley) that listed Cumberland as an additional insured. After the accident, Zevlakis commenced an action against Cumberland to recover damages for personal injuries (hereinafter the underlying action).

Cumberland then commenced this action, inter alia, for a judgment declaring that Mountain Valley, and its alleged affiliates, the defendants Tower Group, Inc., and Tower Group Companies (hereinafter together the Tower Group defendants), are obligated to defend and indemnify it in the underlying action. Mountain Valley and the Tower Group defendants

(hereinafter collectively the defendants) moved, in effect, for summary judgment declaring that they are not so obligated. Cumberland cross-moved for, among other things, summary judgment declaring that Mountain Valley is obligated to defend and indemnify it in the underlying action and dismissing the affirmative defenses asserted by the defendants. In the order appealed and cross-appealed from, the Supreme Court denied the defendants' motion and Cumberland's cross motion.

Cumberland contends that the defendants are obligated to defend and indemnify it in the underlying action since it is named as an additional insured under Noori's policy with Mountain Valley. The defendants contend that although Cumberland is named as an additional insured on the policy, an endorsement to the policy provides that Cumberland is an additional insured "only with respect to [its] liability as a grantor of a franchise to the named 'insured.' " The defendants maintain that because the complaint in the underlying action does not specifically allege that Cumberland is liable as a franchisor, Cumberland is not entitled to coverage as an additional insured. The defendants also argue that the Tower Group defendants are not obligated to defend and indemnify Cumberland in the underlying action since they did not issue the subject insurance policy.

"A duty to defend is triggered by the allegations contained in the underlying complaint" (*BP A.C. Corp. v One Beacon Ins. Group*, 8 NY3d 708, 714 [2007]). "An insurer's duty to defend is broader than the duty to indemnify and arises whenever the allegations of the complaint against the insured, liberally construed, potentially fall within the scope of the risks undertaken by the insurer" (*Salt Constr. Corp. v Farm Family Cas. Ins. Co.*, 120 AD3d 568, 569 [2014]; *see BP A.C. Corp. v One Beacon Ins. Group*, 8 NY3d at 714; *Mack-Cali Realty Corp. v NGM Ins. Co.*, 119 AD3d 905, 906 [2014]). The duty remains "even though facts outside the four corners of [the] pleadings indicate that the claim may be meritless or not covered" (*Fitzpatrick v American Honda Motor Co.*, 78 NY2d 61, 63 [1991]; *see Automobile Ins. Co. of Hartford v Cook*, 7 NY3d 131, 137 [2006]; *Great Am. Restoration Servs., Inc. v Scottsdale Ins. Co.*, 78 AD3d 773, 776 [2010]). Nonetheless, "an insurer can be relieved of its duty to defend if it establishes as a matter of law that there is no possible factual or legal basis on which it might eventually be obligated to indemnify its insured under any policy provision" (*Allstate Ins. Co. v Zuk*, 78 NY2d 41, 45 [1991]; *see Salt Constr. Corp. v Farm Family Cas. Ins. Co.*, 120 AD3d 568, 569 [2014]).

Here, the complaint in the underlying action alleged that Cumberland was negligent in its ownership, operation, control, and maintenance of the subject gas station. However, the defendants' submissions in support of their motion included evidence that Cumberland leased the gas station to Noori as a franchisee. Since Cumberland's liability, if any, may hinge on the scope of its obligations under the agreements entered into with Noori that established their franchisor/franchisee relationship, the allegations of the complaint in the underlying action suggest a reasonable possibility of coverage for Cumberland in the underlying action (see BP A.C. Corp. v One Beacon Ins. Group, 8 NY3d at 715; GMM Realty, LLC v St. Paul Fire & Mar. Ins. Co., 129 AD3d 909, 910 [2015]; Pinon v 99 Lynn Ave., LLC, 124 AD3d 746, 748 [2015]; Frank v Continental Cas. Co., 123 AD3d 878, 880 [2014]; Mack-Cali Realty Corp. v NGM Ins. Co., 119 AD3d at 906-907). As such, the defendants failed to establish their prima facie entitlement to judgment as a matter of law with respect to that branch of their motion which was for summary judgment declaring that Mountain Valley is not obligated to defend or indemnify Cumberland in the underlying action. Conversely, Cumberland established its prima facie entitlement to judgment as a matter of law with respect to that branch of its cross motion which was for summary judgment declaring that Mountain Valley is obligated to defend and indemnify it in the underlying action, and the defendants failed to raise a triable issue of fact in opposition. Accordingly, although the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment declaring that Mountain Valley is not obligated to defend or indemnify Cumberland in the underlying action, it should have granted that branch of Cumberland's cross motion which was for summary judgment declaring that Mountain Valley is obligated to defend and indemnify it in the underlying action (see Lancer Indem. Co. v JKH Realty Group, LLC, 127 AD3d 1032, 1034 [2015]).

Furthermore, Cumberland demonstrated, prima facie, its entitlement to judgment as a matter of law dismissing the affirmative defenses asserted by the defendants. Since the defendants failed to raise a triable issue of fact in opposition to that branch of Cumberland's cross motion, the Supreme Court should have granted that branch of Cumberland's cross motion which was for summary judgment dismissing the defendants' affirmative defenses (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).

Finally, the defendants established, prima facie, their entitle-

ment to judgment as a matter of law declaring that the Tower Group defendants were not obligated to defend and indemnify Cumberland in the underlying action (*see West St. Props., LLC v American States Ins. Co.*, 124 AD3d 876, 879 [2015]). Since Cumberland failed to raise a triable issue of fact in opposition, the Supreme Court should have granted that branch of the defendants' motion which was, in effect, for summary judgment declaring that the Tower Group defendants were not obligated to defend and indemnify Cumberland in the underlying action (*see id.* at 879).

In light of the foregoing, we need not reach the parties' remaining contentions.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that Mountain Valley is obligated to defend and indemnify Cumberland in the underlying action, and that the Tower Group defendants are not obligated to defend and indemnify Cumberland in the underlying action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Mastro, J.P., Dillon, Miller and Barros, JJ., concur.