■ WEST STREET PROPERTIES, LLC, Respondent, v AMERICAN STATES INSURANCE COMPANY, Appellant, et al., Defendants. [53 NYS3d 674]—

In an action pursuant to Insurance Law § 3420 (a) (2) to recover the amount of an unsatisfied judgment against the defendants' insured, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant American States Insurance Company appeals from (1) a decision of the Supreme Court, Westchester County (Wood, J.), dated December 22, 2015, made after a nonjury trial, and (2) a judgment of the same court dated February 1, 2016, in favor of the plaintiff and against it in the total sum of $1,736,130.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the judgment is reversed, on the facts, and the complaint is dismissed insofar as asserted against the defendant American States Insurance Company; and it is further,

Ordered that one bill of costs is awarded to the defendant American States Insurance Company.

The plaintiff commenced this action against the defendants American States Insurance Company (hereinafter American States), Liberty Mutual Insurance Group (hereinafter Liberty), Safeco Insurance Company of America (hereinafter Safeco), and Scottsdale Insurance Company (hereinafter Scottsdale) to recover the amount of an unsatisfied judgment it obtained in an underlying action entitled *West St. Props., LLC v A&A Indus., LLC*, commenced in the Supreme Court, Westchester County, under Index No. 14364/09, based on an oil spill on real property owned by the plaintiff. American States and Scottsdale had issued commercial liability policies to the defendants in the underlying action. The Supreme Court, in an order dated October 5, 2012, denied the plaintiff's motion for summary judgment pursuant to CPLR 3213 and denied the respective cross motions of American States, Liberty, and Safeco (hereinafter collectively the American States defendants) and Scottsdale for summary judgment dismissing the complaint insofar as asserted against them.

After discovery was completed, the American States defendants moved for summary judgment declaring that American States has no obligation under the policy issued to the defendants in the underlying action, and to dismiss the complaint insofar as asserted against Liberty and Safeco, and Scottsdale moved for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff cross-moved for summary judgment in its favor. In an order dated October 3, 2014, the Supreme Court granted summary judgment dismissing the action insofar as asserted against Scottsdale but denied the American States defendants' motion and the plaintiff's cross motion.

By decision and order dated January 28, 2015, this Court modified the order dated October 5, 2012, by granting summary judgment dismissing the action insofar as asserted against Liberty and Safeco, and otherwise affirmed the order (*see West St. Props., LLC v American States Ins. Co.*, 124 AD3d 876 [2015]).

In April 2015, a nonjury trial was held. In a decision dated

December 22, 2015, the Supreme Court found that American States had an obligation to pay the unsatisfied judgment up to the monetary limits of the subject policy. Thereafter, the Supreme Court issued a judgment dated February 1, 2016, in favor of the plaintiff and against American States in the total sum of $1,736,130. We reverse.

In its order dated October 3, 2014, the Supreme Court properly denied that branch of the American States defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against American States (*see West St. Props., LLC v American States Ins. Co.*, 124 AD3d at 879).

"Where, as here, a case is tried without a jury, this Court's authority is as broad as that of the trial court, and this Court 'may render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses' " and hearing the testimony (*MJAC Realty Corp. v Boccio*, 67 AD3d 870, 870 [2009], quoting *Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *see Manson v Kejo Enters., LLC*, 145 AD3d 994 [2016]; *Hamilton v Blackwood*, 85 AD3d 1116 [2011]).

An insurer that seeks to disclaim coverage based on its insured's alleged noncooperation is required to demonstrate that "it acted diligently in seeking to bring about its insured's cooperation, that its efforts were reasonably calculated to obtain its insured's cooperation, and that the attitude of its insured, after the cooperation of its insured was sought, was one of 'willful and avowed obstruction' " (*Matter of State-Wide Ins. Co. v Luna*, 68 AD3d 882, 883 [2009], quoting *Thrasher v United States Liab. Ins. Co.*, 19 NY2d 159, 168 [1967]). The insurer has a "heavy" burden of proving lack of cooperation (*Thrasher v United States Liab. Ins. Co.*, 19 NY2d at 168). The inference of noncooperation must be "practically compelling" (*Matter of Empire Mut. Ins. Co. [Stroud—Boston Old Colony Ins. Co.]*, 36 NY2d 719, 722 [1975]).

Based on the evidence adduced at trial, we find that American States met its heavy burden of proving that its insured breached the subject policy by failing to cooperate in the defense of the underlying action. American States made diligent efforts, through written correspondence, numerous telephone calls, and a visit to the insured's home, that were reasonably calculated to bring about the insured's cooperation. Further, its insured's attitude, after his cooperation was sought, was one of willful and avowed obstruction. Among other

trial evidence, there was testimony from an investigator who met with the insured at the insured's home. The investigator testified that the investigator told the insured that the insured risked losing coverage under the policy if the insured refused to cooperate. The insured, while acknowledging that he knew that he had attorneys defending him and that a default judgment could be entered against him if he failed to appear at a deposition, made statements to the effect that he would cooperate only if he were paid for certain work he claimed to have performed, and that the plaintiff could "just get in line" were it to obtain a judgment against him. Accordingly, the judgment must be reversed, and the action dismissed insofar as asserted against American States.

In view of our determination, we need not address American States's remaining contentions. Leventhal, J.P., Sgroi, Hinds-Radix and LaSalle, JJ., concur.