Carone v St. George Theater Restoration, Inc. (2020 NY Slip Op 06092)





Carone v St. George Theater Restoration, Inc.


2020 NY Slip Op 06092


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2018-05946
2018-10360
 (Index No. 100263/13)

[*1]Diane Carone, appellant,
v St. George Theater Restoration, Inc., respondent.


Edelman & Edelman, P.C. (Neil R. Finkston, Great Neck, NY of counsel), for appellant.
Kaufman Dolowich Voluck LLP, New York, NY (Kevin O'Donnell of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) a judgment of the Supreme Court, Richmond County (Alan C. Marin, J.), dated April 13, 2018, and (2) an amended judgment of the same court dated June 21, 2018. The amended judgment, insofar as appealed from, upon a nonjury verdict finding the plaintiff to be one-third at fault in the happening of the accident, is in favor of her and against the defendant in the principal sum of only $210,037.
ORDERED that the appeal from the judgment is dismissed, without costs or disbursements, as the judgment was superseded by the amended judgment; and it is further,
ORDERED that the amended judgment is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff allegedly fell down the aisle steps of the rear mezzanine of the St. George Theater while exiting after a show. The plaintiff commenced this personal injury action against the defendant St. George Theater Restoration, Inc., the owner of the theater, alleging that the configuration of the steps, absence of handrails, inadequate lighting, and lack of ushers constituted dangerous conditions. The matter proceeded to a nonjury trial on the issue of liability, after which the court apportioned two-thirds of the fault to the defendant and one-third of the fault to the plaintiff. An amended judgment dated June 21, 2018, was entered in favor of the plaintiff and against the defendant in the principal sum of $210,037.
The plaintiff challenges, as contrary to the weight of the evidence, the Supreme Court's apportionment of fault after trial. Where, as here, a case is tried without a jury, this Court's authority "is as broad as that of the trial court" (Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499), and this Court "may render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses" and hearing the testimony (id. at 499 [internal quotation marks omitted]; see West St. Props., LLC v American States Ins. Co., 150 AD3d 792, 794).
Here, the Supreme Court's determination that the plaintiff was one-third at fault in the happening of the accident was warranted by the facts, including the facts that, after the show was over, instead of remaining in her seat or exiting, the plaintiff decided to ascend further into the mezzanine and climb into the only row accessed by more stairs, and that the plaintiff was familiar with the conditions and configuration of the stairs, having climbed them prior to the accident (see McGowan v State of New York, 79 AD3d 984, 987).
Accordingly, we affirm the amended judgment insofar as appealed from.
DILLON, J.P., BALKIN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court