Durant v State of New York (2021 NY Slip Op 03826)





Durant v State of New York


2021 NY Slip Op 03826


Decided on June 16, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2018-08464

[*1]Jeremiah Durant, claimant,
v State of New York, defendant third-party claimant-respondent; United Educators Insurance Company, third-party defendant-appellant. (Claim No. 124365)


Cornell Grace, P.C., New York, NY (Keith D. Grace and Adeel Jamaluddin of counsel), for third-party defendant-appellant.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and Matthew W. Grieco of counsel), for defendant third-party claimant-respondent.



DECISION & ORDER
In a claim to recover damages for personal injuries, the third-party defendant appeals from an order of the Court of Claims (Stephen J. Lynch, J.), entered May 9, 2018. The order denied the motion of the third-party defendant for summary judgment declaring that it is not obligated to defend or indemnify the defendant third-party claimant in the main claim, and granted the cross motion of the defendant third-party claimant for summary judgment declaring that the third-party defendant is obligated to defend it in the main claim.
ORDERED that the order is affirmed, with costs.
In March 2005, the New York Institute of Technology (hereinafter NYIT) and the State University of New York (hereinafter SUNY) entered into a revocable permit agreement whereby NYIT leased five buildings on SUNY's Old Westbury campus in order to house its students. Pursuant to paragraph 18 of the revocable permit, NYIT agreed to be responsible for injuries arising from the use of the facilities, its appurtenances, and the surrounding grounds, and pursuant to paragraph III of exhibit D to the revocable permit, NYIT agreed to be responsible for injuries arising out of or in connection with its students "residing at The College." In addition, paragraph 19 of the revocable permit obligated NYIT to provide insurance protection for the benefit of the State of New York with limits of not less than $3 million for bodily injuries arising out of the execution of the revocable permit. NYIT obtained a primary general liability insurance policy from United Educators Insurance Company (hereinafter United).
In May 2011, the claimant, a student of NYIT, was injured when he stepped into a hole next to a manhole, and in 2014, he commenced this claim against the State to recover damages for personal injuries. In turn, the State commenced a third-party claim against United seeking a judgment declaring that United is obligated to defend and indemnify it for the acts complained of in the main claim. In an order entered May 9, 2018, the Court of Claims denied United's motion for summary judgment declaring that it is not obligated to defend or indemnify the State in the main claim, and granted the State's cross motion for summary judgment declaring that United is obligated [*2]to defend it in the main claim. United appeals.
"The duty to defend is triggered whenever the allegations of a complaint, liberally construed, suggest a reasonable possibility of coverage, or the insurer has actual knowledge of facts establishing a reasonable possibility of coverage" (Bruckner Realty, LLC v County Oil Co., Inc., 40 AD3d 898, 900). "An insurer's duty to defend its insured arises whenever the allegations in a complaint state a cause of action that gives rise to the reasonable possibility of recovery under the policy" (Pro's Choice Beauty Care, Inc. v Great N. Ins. Co., 190 AD3d 868, 870). An insurer may be relieved of its duty to defend if it demonstrates, as a matter of law, that there is no possible factual or legal basis on which it may be obligated to indemnify its insured under any policy provision (see Rinaldi v Wakmal, 183 AD3d 652).
Here, the Court of Claims properly granted the State's cross motion for summary judgment declaring that United is obligated to defend it in the main claim. The State established its prima facie entitlement to judgment as a matter of law declaring that United is obligated to defend it, and United failed to raise a triable issue of fact in opposition (see Cumberland Farms, Inc. v Tower Group, Inc., 137 AD3d 1068).
United's remaining contentions are without merit.
CHAMBERS, J.P., AUSTIN, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court