Weinstein v Levine (2021 NY Slip Op 07576)





Weinstein v Levine


2021 NY Slip Op 07576


Decided on December 29, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 29, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
BETSY BARROS
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.


2020-05382
 (Index No. 25629/11)

[*1]Allen Weinstein, etc., et al., appellants-respondents,
v
David Levine, et al., respondents-appellants, et al., defendants (and another title).


Long Tuminello, LLP, Bay Shore, NY (David Besso and Brittany A. Fiorenza of counsel), for appellants-respondents.
Kaufman Dolowich Voluck, LLP, Woodbury, NY (Andrew L. Richards of counsel), for respondents-appellants.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud and unjust enrichment and a related proceeding for the judicial dissolution of a limited liability company, which were joined for trial, the plaintiffs in the action appeal, and David Levine, Larry Levine, and Jeffrey Levine, defendants in the action, cross-appeal, from an amended judgment of the Supreme Court, Suffolk County (Jerry Garguilo, J.), entered May 27, 2020. The amended judgment, insofar as appealed from, upon a decision of the same court entered August 20, 2019, made after a nonjury trial, in effect, is in favor of those defendants in the action and against the plaintiffs in the action on the causes of action alleging fraud and unjust enrichment. The amended judgment, insofar as cross-appealed from, upon the decision, is in favor of Allen Weinstein, a plaintiff in the action, and against David Levine, Larry Levine, and Jeffrey Levine, defendants in the action, in the principal sums of $106,952.02 and $9,979.06.
ORDERED that the amended judgment is affirmed insofar as appealed from; and it is further,
ORDERED that the amended judgment is reversed insofar as cross-appealed from, on the law, and the provisions thereof which are in favor of Allen Weinstein, a plaintiff in the action, and against David Levine, Larry Levine, and Jeffrey Levine, defendants in the action, in the principal sums of $106,952.02 and $9,979.06 are deleted; and it is further,
ORDERED that one bill of costs is awarded to David Levine, Larry Levine, and Jeffrey Levine.
In 2007, Allen Weinstein purchased Solas Plumbing Corp. (hereinafter Solas) from its former owner, Steve Olivieri. Weinstein loaned additional money to Solas, and left the day-to-day operations of the company to Thomas Costarelli. Larry Levine and his sons, David Levine and Jeffrey Levine (hereinafter collectively the Levines), owned and operated PAR Plumbing.
Toward the end of 2008 or the beginning of 2009, Weinstein, Larry Levine, and [*2]Costarelli met to discuss a potential partnership between Weinstein and the Levines. On January 19, 2009, David Levine sent Weinstein a term sheet that indicated that a new entity would be formed to conduct the new partnership's business. Thereafter, the Levines presented Weinstein with a draft operating agreement for SMAX Plumbing, LLC (hereinafter SMAX), which was never executed by the parties. SMAX's articles of organization were filed on April 5, 2010 with the New York State Department of State, and Weinstein had a 50% membership interest in the new company.
During a meeting in May 2010, a disagreement arose between Weinstein and the Levines. Weinstein asked the Levines to purchase his interest in SMAX, and they declined. In August 2011, Weinstein, individually and as a member of SMAX, together with Solas and another entity (hereinafter collectively the plaintiffs), commenced an action against the Levines, among others, and filed an amended complaint which included causes of action alleging fraud and unjust enrichment. The Supreme Court conducted a nonjury trial.
In its decision after trial, the Supreme Court found, among other things, that the plaintiffs failed to prove their causes of action alleging fraud and unjust enrichment and that Weinstein was entitled to damages in the principal sum of $106,952.02, as reimbursement of funds belonging to SMAX that had been used by the Levines to compensate their attorneys, and in the principal sum of $9,979.06, as reimbursement of funds that had been transferred from Solas to SMAX. The court subsequently issued an amended judgment, from which the plaintiffs appeal, and the Levines cross-appeal.
Where, as here, a case is tried without a jury, "this Court's authority is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses and hearing the testimony" (West St. Props., LLC v American States Ins. Co., 150 AD3d 792, 794 [internal quotation marks omitted]; see Finney v Morton, 170 AD3d 811, 812-813). "Where the trial court's findings of fact rest in large measure on considerations relating to the credibility of witnesses, deference is owed to the trial court's credibility determinations" (Matter of Kassab v Kasab, 195 AD3d 832, 836 [internal quotation marks omitted]).
Here, the Supreme Court properly determined that the plaintiffs failed to prove their causes of action alleging fraud and unjust enrichment by a preponderance of the evidence. The court's resolution of these issues was based in significant part on its determinations regarding the credibility of the witnesses involved in the disputed transactions. Those determinations are entitled to deference on appeal (see Murphy v Murphy, 175 AD3d 1540, 1542), and on this record, we see no reason to disturb them.
In light of this finding, however, there was no basis on which to award Weinstein damages in the principal sum of $9,979.06, as reimbursement for funds that had been transferred from Solas to SMAX. Moreover, the Supreme Court erred in awarding Weinstein damages in the principal sum of $106,952.02, which represented funds diverted from SMAX to pay the fees of the Levines' attorneys. Although the Levines, on appeal, do not challenge the court's determination that those funds should not have been diverted from SMAX to pay their litigation expenses, they correctly contend that this award to Weinstein individually was improper, as the diversion of these funds from SMAX only injured Weinstein derivatively, and that the proper remedy would be for the funds to be returned to SMAX to be distributed in the dissolution proceeding (see Glen v Hoteltron Sys., 74 NY2d 386, 392).
Accordingly, we reverse the amended judgment insofar as cross-appealed from, and delete the provisions thereof awarding Weinstein the principal sums of $106,952.02 and $9,979.06, and affirm the amended judgment insofar as appealed from.
CHAMBERS, J.P., BARROS, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court