Home Line Props. of Islip Terrace, LLC v Kingstone Ins. Co. (2025 NY Slip Op 05066)

Home Line Props. of Islip Terrace, LLC v Kingstone Ins. Co.

2025 NY Slip Op 05066

Decided on September 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2023-09465
 (Index No. 608053/21)

[*1]Home Line Properties of Islip Terrace, LLC, et al., respondents-appellants, 
v
Kingstone Insurance Company, appellant-respondent, et al., defendants.

Manning & Kass, Ellrod, Ramirez, Trester, LLP, New York, NY (Jeannette L. Dixon and Jamie N. Burke of counsel), for appellant-respondent.
Thomas Tona, Islip, NY (Andrew Ciccaroni and Raafat S. Toss of counsel), for respondents-appellants.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of an insurance contract, the defendant Kingstone Insurance Company appeals, and the plaintiffs cross-appeal, from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated June 27, 2023. The order, insofar as appealed from, denied the motion of the defendant Kingstone Insurance Company for summary judgment dismissing the complaint insofar as asserted against it and declaring that it is not obligated to indemnify the plaintiffs for certain losses under an insurance contract. The order, insofar as cross-appealed from, denied the plaintiffs' cross-motion for summary judgment on the issue of liability on the cause of action alleging breach of contract insofar as asserted against the defendant Kingstone Insurance Company.
ORDERED that the order is affirmed, without costs or disbursements.
On November 28, 2020, a fire destroyed a two-family house owned by the plaintiff Home Line Properties of Islip Terrace, LLC (hereinafter Home Line), which, at that time, was insured pursuant to an insurance policy issued by the defendant Kingstone Insurance Company (hereinafter Kingstone). On April 30, 2021, Home Line and the plaintiffs Rafael Avgi and Rachel Avgi, who were the sole members of Home Line, commenced this action against, among others, Kingstone, inter alia, to recover damages for breach of an insurance contract, alleging, among other things, that the plaintiffs complied with all of the terms and conditions of the insurance policy and that Kingstone breached its obligations by refusing to acknowledge and pay the fire damage claim.
Kingstone moved for summary judgment dismissing the complaint insofar as asserted against it and declaring that it is not obligated to indemnify the plaintiffs for losses related to the fire damage under the insurance contract, asserting that it had properly disclaimed coverage based upon the plaintiffs' failure to cooperate in the investigation of the claim. The plaintiffs cross-moved for summary judgment on the issue of liability on the breach of contract cause of action insofar as asserted against Kingstone, arguing, inter alia, that Kingstone's disclaimer was untimely. In an order dated June 27, 2023, the Supreme Court denied Kingstone's motion and the plaintiffs' cross-motion. Kingstone appeals, and the plaintiffs cross-appeal.
To effectively deny coverage based upon lack of cooperation, an insurer "is required to demonstrate that it acted diligently in seeking to bring about its insured's cooperation, that its efforts were reasonably calculated to obtain its insured's cooperation, and that the attitude of its insured, after the cooperation of its insured was sought, was one of willful and avowed obstruction," which is a "heavy burden" (West St. Props., LLC v American States Ins. Co., 150 AD3d 792, 794 [internal quotation marks omitted]; see Robinson v Global Liberty Ins. Co. of N.Y., 164 AD3d 1385, 1386). "The inference of noncooperation must be practically compelling" (West St. Props., LLC v American States Ins. Co., 150 AD3d at 794 [internal quotation marks omitted]).
Here, Kingstone failed to demonstrate, prima facie, that its actions taken to secure the plaintiffs' cooperation were diligent or reasonably calculated to obtain their cooperation and that the plaintiffs' attitude, after Kingstone requested that they submit to an examination under oath on March 11, 2021, and produce certain documents, was one of willful and avowed obstruction (see Jahangir v Tri-State Consumer Ins. Co., 189 AD3d 1564, 1565). Accordingly, the Supreme Court properly denied Kingstone's motion, among other things, for summary judgment dismissing the complaint insofar as asserted against it, without regard to the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Where, as here, Insurance Law § 3420(d)(2) does not apply (see KeySpan Gas E. Corp. v Munich Reins. Am., Inc., 23 NY3d 583, 591; Swanson v Allstate Ins. Co., 150 AD3d 1299, 1300), delay in giving notice of disclaimer of coverage, even if unreasonable, "will not estop the insurer from disclaiming unless the insured has suffered prejudice from the delay" (Ira Stier, DDS, P.C. v Merchants Ins. Group, 127 AD3d 922, 923; see County of Suffolk v Ironshore Indem., Inc., 187 AD3d 1137, 1141). The plaintiffs' conclusory allegations of prejudice in their papers submitted to the Supreme Court failed to establish their prima facie entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging breach of contract insofar as asserted against Kingstone, on the ground that the disclaimer was untimely (see Miller v Allstate Indem. Co., 132 AD3d 1306, 1308-1309; Topliffe v US Art Co., Inc., 40 AD3d 967, 969). Thus, the court properly denied the plaintiffs' cross-motion, irrespective of the sufficiency of Kingstone's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
The plaintiffs' remaining contentions are without merit.
Accordingly, we affirm the order.
IANNACCI, J.P., WOOTEN, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court