Authority Fleet Servs. Corp. v Amtrust N. Am., Inc.

2026 NY Slip Op 02620

April 29, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Authority Fleet Services Corp., et al., respondents,

v

Amtrust North America, Inc., appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 29, 2026

2024-06886, (Index No. 627094/23)

Angela G. Iannacci, J.P.

Cheryl E. Chambers

Lillian Wan

Janice A. Taylor, JJ.

Hurwitz Fine, P.C., Buffalo, NY (Isabelle H. LaBarbera and Steven E. Peiper of counsel), for appellant.

Horn Wright, LLP, Garden City, NY (Spencer D. Shapiro and Pablo A. Fernandez of counsel), for respondents.

[*1]

DECISION & ORDER

In an action, inter alia, for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiffs in an underlying action entitled Devito v Patalan 200, LLC, pending in the Supreme Court, Suffolk County, under Index No. 601138/23, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Maureen T. Liccione, J.), dated July 11, 2024. The order and judgment, insofar as appealed from, granted that branch of the plaintiffs' motion which was for summary judgment declaring that the defendant is obligated to defend the plaintiffs in the underlying action, and denied the defendant's cross-motion for summary judgment dismissing the complaint and, in effect, declaring that the defendant has no obligation to defend or indemnify the plaintiffs in the underlying action, and declared that the defendant is obligated to defend the plaintiffs in the underlying action.

ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.

On September 30, 2022, Joshua Devito and Brian Guilfoil allegedly were injured in a construction accident. Devito and Guilfoil later commenced an action (hereinafter the underlying action) against the plaintiffs and another party to recover damages for their injuries related to the accident. According to the complaint and bill of particulars in the underlying action, Devito and Guilfoil worked for 1-888-Junk-Demo, Inc., which had a contract with the plaintiffs at the time of the accident. However, the complaint also alleged that the plaintiffs supervised, managed, controlled, and directed the work being performed.

The plaintiffs later notified the defendant of the underlying action and requested a determination of coverage pursuant to a workers' compensation and employers' liability insurance policy issued by the defendant to the plaintiff Authority Fleet Services Corp.

Thereafter, the plaintiffs commenced this action, inter alia, for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiffs in the underlying action. The plaintiffs later moved, among other things, for summary judgment declaring that the defendant is obligated to defend the plaintiffs in the underlying action. The defendant opposed and cross-moved [*2]for summary judgment dismissing the complaint and, in effect, declaring that the defendant has no obligation to defend or indemnify the plaintiffs in the underlying action.

In an order and judgment dated July 11, 2024, the Supreme Court, inter alia, granted that branch of the plaintiffs' motion which was for summary judgment declaring that the defendant is obligated to defend the plaintiffs in the underlying action, denied the defendant's cross-motion, and declared that the defendant is obligated to defend the plaintiffs in the underlying action. The defendant appeals.

"A duty to defend is triggered by the allegations contained in the underlying complaint" (Cumberland Farms, Inc. v Tower Group, Inc., 137 AD3d 1068, 1070 [internal quotation marks omitted]). "An insurer's duty to defend is broader than the duty to indemnify and arises whenever the allegations of the complaint against the insured, liberally construed, potentially fall within the scope of the risks undertaken by the insurer" (id. [internal quotation marks omitted]; see 523 BWAY, LLC v Erie & Niagara Ins. Assn., 236 AD3d 841, 843). "Nonetheless, 'an insurer can be relieved of its duty to defend if it establishes as a matter of law that there is no possible factual or legal basis on which it might eventually be obligated to indemnify its insured under any policy provision'" (Cumberland Farms, Inc. v Tower Group, Inc., 137 AD3d at 1070, quoting Allstate Ins. Co. v Zuk, 78 NY2d 41, 45).

"In determining a dispute over insurance coverage, we first look to the language of the policy" (Gem-Quality Corp. v Colony Ins. Co, 209 AD3d 986, 990 [internal quotation marks omitted]]). "As with any contract, unambiguous provisions of an insurance contract must be given their plain and ordinary meaning" (id. [internal quotation marks omitted]).

Here, the plaintiffs demonstrated that the complaint in the underlying action suggested a reasonable possibility of coverage for the plaintiffs (see Durant v State of New York, 195 AD3d 796, 798; Cumberland Farms, Inc. v Tower Group, Inc., 137 AD3d at 1071; see also Labor Law § 861-c[1][a]; Matter of Ovadia v Office of the Indus. Bd. of Appeals, 19 NY3d 138, 145). In opposition, the defendant failed to raise a triable issue of fact (see Durant v State of New York, 195 AD3d at 798; Cumberland Farms, Inc. v Tower Group, Inc., 137 AD3d at 1071).

Accordingly, the Supreme Court properly granted that branch of the plaintiffs' motion which was for summary judgment declaring that the defendant is obligated to defend the plaintiffs in the underlying action and declared that the defendant is obligated to defend the plaintiffs in the underlying action.

In light of the foregoing, we need not consider the plaintiffs' remaining contention.

IANNACCI, J.P., CHAMBERS, WAN and TAYLOR, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court